**The PEOPLE of the State of Colorado, Complainant,**

v.

**Douglas Scott ROUSE, Attorney–Respondent.**

**No. 91SA136.**

Supreme Court of Colorado, En Banc.

Sept. 16, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Attorney-respondent not appearing.

PER CURIAM.

In this disciplinary proceeding, the respondent, Douglas Scott Rouse, failed to appear before the hearing board or at any stage of the proceeding, and thus a default judgment was entered against him. The hearing board made extended findings of fact and recommendations, which were considered and approved by the hearing panel. The hearing board recommended disbarment, and the hearing panel approved that recommendation. We conclude that the respondent should be disbarred and ordered to make restitution in accordance with the directions contained in this opinion.

Both the charges and the well-pleaded facts were deemed admitted by the respondent's failure to appear and the entry of default in these disciplinary proceedings. *See* C.R.C.P. 241.13(b); *People v. Richards*, 748 P.2d 341 (Colo.1987). The hearing board nevertheless took testimony, admitted exhibits, and found that the facts alleged were established by clear and convincing evidence.

The respondent was admitted to the bar of this court on October 6, 1975, is registered upon the official records of this court, and is subject to the jurisdiction of this court in this disciplinary proceeding. C.R.C.P. 241.1(b).

I

Leland G. Doughty is a beneficiary of a trust deposited in the Citywide Bank of Applewood, Wheat Ridge, Colorado. The trust consisted of a checking account, money market account, and certificates of deposit. The respondent was the trustee of the trust, held a power of attorney, and

had signature authority on the accounts. The respondent also represented Doughty in various other legal matters. On September 16, 1988, the respondent borrowed $10,000 from Doughty. In November 1988, he borrowed an additional $1,500 from Doughty. On January 10, 1989, Doughty loaned the respondent an additional $6,501.11. Respondent obtained the loans, but did not execute promissory notes to evidence the indebtedness. Despite demands by Doughty for repayment, the respondent has failed and continues to refuse to pay any of the loans.

On December 27, 1988, the respondent withdrew $5,000 from the money market account without the consent or knowledge of Doughty. On January 5, 1989, and again without the consent or knowledge of Doughty, the respondent withdrew another $5,000 from the money market account. The evidence established that the respondent converted the funds to his own personal use. Demand for repayment has been made, but the respondent has failed and refused to make restitution of the funds unlawfully withdrawn from the money market account that was in trust.

Respondent's conduct violates C.R.C.P. 241.6 and the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(3) (engaging in illegal conduct involving moral turpitude); DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR1–102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law); and DR5–104(A) (entering into a business transaction with a client with differing interests when the client expects the lawyer to exercise his professional judgment to protect the client, unless the client has consented after a full disclosure).

## II

Ghislain Turgeon retained the respondent to represent him on July 21, 1982, in a foreclosure proceeding instituted by the Public Trustee of Jefferson County, Colorado, on July 21, 1982. On March 16, 1983, Ms. Davis, a subsequent purchaser of the property in the foreclosure proceeding, filed a cross-claim against Turgeon seeking recovery of a loss she incurred in the foreclosure, plus costs and attorney fees. Part of her claim was established by an affidavit itemizing her total loss at $25,722.97. On December 16, 1985, the respondent, on behalf of Turgeon, stipulated to the facts and Ms. Davis' cross-claim with leave to file a brief on the law. Respondent failed to file a brief and on February 7, 1986, counsel for Ms. Davis wrote to the respondent, notifying him that if he did not file a brief, she would seek the entry of a default judgment. Respondent did not file a brief and on April 18, 1986, the court granted a motion for entry of judgment. Counsel for Ms. Davis later recorded the judgment in the counties in which Turgeon owned property. The respondent did not advise Turgeon of the judgment. Turgeon learned of the judgment lien in May 1988, when he attempted to sell property that he owned in Jefferson County. When the title company informed Turgeon of the recorded judgment, he contacted the respondent who assured him that he would take care of it. On May 31, 1988, respondent personally indemnified the title company against any loss it might sustain due to the judgment against Turgeon. Based on assurances from the respondent that he would file a motion to set aside the judgment and respondent's indemnification, the title company issued a title policy. Thereafter, the respondent failed to take any action to set aside the judgment and repeatedly misrepresented to Turgeon that he would move to set aside the judgment. Turgeon later retained substitute counsel who requested that the respondent return the files belonging to Turgeon, but the respondent failed and refused to return the files.

The respondent's conduct violates rule C.R.C.P. 241.6 and a number of disciplinary rules in the Code of Professional Responsibility. DR1–102(A)(1) (violating a disciplinary rule); DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR1–102(A)(5) (engaging in conduct that is prejudicial to the administration of justice); DR6–101(A)(3) (neglect of a legal matter entrusted to a

lawyer); DR7–101(A)(1) (failing to seek the lawful objectives of his client through reasonably available means); DR7–101(A)(2) (failure to carry out a contract of employment entered into for professional services); DR7–101(A)(3) (prejudice and damage to the client during the professional relationship); and DR9–102(B)(4) (failure to promptly pay or deliver to the client the funds, securities, or other properties in the possession of the lawyer that the client has requested and is entitled to receive).

### III

The hearing board and the hearing panel have both recommended that the respondent be disbarred. The respondent has filed no exceptions and we conclude that he should be disbarred. Under the American Bar Association's Standards for Imposing Lawyer Sanctions (1986) (ABA Standards) disbarment is the proper sanction when a lawyer knowingly converts the funds of his client and causes injury to the client. *See* ABA Standards, § 4.11. In addition, aggravating factors set forth in ABA Standard § 9.22 exist to support the most severe sanction: (1) The respondent's dishonest and selfish motive; (2) multiple offenses; (3) bad faith obstruction of the disciplinary proceeding; (4) refusal to acknowledge the wrongful nature of his conduct; (5) the vulnerability of his victims; (6) the respondent's substantial experience in the practice of law; and (7) his indifference to restitution.

The respondent has not been previously disciplined, but that fact does not mitigate or reduce the contumacious nature of his conduct.

Accordingly, based upon the record before us, including the testimony of the witnesses, the exhibits, and the full record before the hearing board, coupled with the respondent's default, we order that the respondent, Douglas Scott Rouse, be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court. The disbarment shall be effective immediately upon the issuance of this opinion. It is further ordered that the respondent be ordered to make restitution to Leland G. Doughty totalling $28,001.11 with interest to accumulate as follows: On $10,000 from September 16, 1988; on $1,500 from November 30, 1988; on $5,000 from December 27, 1988; and on $11,501.11 from January 10, 1989.

We agree with the finding of the hearing board that the judgment against Ghislain Y. Turgeon resulted from the respondent's neglect, but this disciplinary proceeding cannot assess damages for malpractice.

It is further ordered that the respondent pay the costs of this proceeding in the amount of $144.16 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 500S, Dominion Plaza, Denver, Colorado 80202. The respondent may not file or seek readmission until restitution has been made, with interest, to Leland G. Doughty.