The PEOPLE of the State of Colorado, Complainant,

v.

Michael F. SCOTT, Attorney–Respondent.

No. 96SA322.

Supreme Court of Colorado,
En Banc.

April 21, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Michael F. Scott, Lakewood, Pro Se.

PER CURIAM.

This is a lawyer discipline case. A hearing panel of the supreme court grievance committee approved the findings and recommendations of a hearing board that the respondent be suspended from the practice of law for six months, be required to petition for reinstatement and to pass the multistate professional responsibility examination as a condition of reinstatement, and be ordered to reimburse his clients. The deputy disciplinary counsel has excepted to the recommendation as too lenient given the aggravated circumstances of this case and the respondent's conduct during the disciplinary proceedings. We agree, and we order that the respondent be suspended for one year and one day with reinstatement conditioned on passing the professional responsibility examination and on making certain restitution.

## I.

■■■ The respondent was licensed to practice law in this state in 1968. This case involves the consolidation of two formal complaints, Nos. GC 95B–28 and GC 95B–40. The respondent defaulted in No. GC 95B–40, and the facts contained in that complaint were therefore deemed admitted. *People v. McCaffrey*, 925 P.2d 269, 270 (Colo.1996); C.R.C.P. 241.13(b). Based on the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

### A. GC 95B–28

Margaret Johnson hired the respondent in 1990 to represent her in her personal injury claim arising from an automobile accident that occurred on October 16, 1990. The respondent filed a complaint against the defendant in August 1991. The defendant's lawyer was aware that Johnson had made a number of unrelated prior claims of injuries and he believed that she might not have a valid claim against his client. Because the respondent failed to produce certain documents during discovery, the district court ordered the respondent's client to pay the defendant's lawyer $471 for attorney fees incurred in obtaining an order to compel. The court subsequently awarded an additional $279 in attorney fees to defense counsel against Johnson because of another discovery violation.

The respondent did not depose the defendant's potential witnesses, and he did not attend the deposition of a doctor who had treated his client, telling defense counsel that he did not intend to appear. The trial date was continued a number of times, and was finally set for November 15, 1993. The respondent did not meet with his client in preparation for trial, and, three days before the trial date, without his client's knowledge, filed a motion to continue. The respondent's motion was denied.

Later that day, the respondent called his client and advised her to dismiss her complaint because: her injuries were covered by Workers' Compensation (which was not correct); any damage award would have to be split with her ex-husband; and because, after deducting the respondent's fees and costs, Johnson's recovery would be minimal. He also told her there would be an assessment of costs against her, but he said the amount would be $200 to $300. The respondent also told her that she had to sign the motion to dismiss and return it to him that afternoon. Johnson could not reach the respondent to discuss the matter more fully, so she signed the motion to dismiss as he requested. The respondent then filed the motion to dismiss with prejudice.

Following the dismissal, the district court ordered Johnson to pay over $16,400 in attorney fees and costs to the defendant in addition to the $750 previously awarded against her. Johnson learned of this order for the first time when she received a letter from a collection agency, since the respondent never informed her of it and did not advise her of her right to appeal the award. Johnson could not contact the respondent after she received this letter, so she retained another lawyer who settled the judgment against her,

for $5,000, of which the respondent paid $4,000.

The respondent told the hearing board that soon after being hired by Johnson, he discovered that his client did not have a viable claim. The board concluded, however, that the respondent offered no legitimate reason why he did not explain this to his client until the eve of trial or why he neglected the defendant's discovery requests and failed to prepare for trial. The board therefore determined that the respondent's conduct, which occurred both before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 6–101(A)(3) and R.P.C. 1.3 (neglecting a legal matter entrusted to the lawyer), R.P.C. 1.4(a) (failing to keep a client reasonably informed about the status of a matter), R.P.C. 1.4(b) (failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), DR 7–101(A)(3) (intentionally prejudicing or damaging the lawyer's client during the course of the professional relationship), and DR 1–102(A)(4) and R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### B. No. GC 95B–40

Daphnee J. Winter retained the respondent to represent her in a dissolution of marriage proceeding, and the respondent filed the petition for dissolution on May 6, 1993. At the permanent orders hearing on May 18, 1994, the court granted the dissolution and a name change for Winter. At the same hearing, the court issued orders regarding custody, visitation, and insurance coverage, as well as child support to begin in the amount of $382 per month commencing June 1, 1994. The court directed the respondent to prepare a written order, but the respondent did not comply.

In order to finish the work that the respondent had not completed, Winter paid $200 to another lawyer to prepare the order. The hearing board specifically found that the respondent's inaction harmed Winter, and that the respondent violated R.P.C. 1.3 (neglecting a legal matter) and R.P.C. 1.4(a) (failing to keep a client reasonably informed

about the status of a matter). Because he did not respond to the request for investigation in the Winter matter, and did not answer the complaint, the respondent also violated C.R.C.P. 241.6(7) (failing to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties).

### II.

■ The hearing panel approved the board's recommendations that the respondent be suspended for six months, be required to petition for reinstatement and to pass the multistate professional responsibility examination as a condition of reinstatement, and be ordered to reimburse Johnson and Winter. The deputy disciplinary counsel has excepted to the recommendation as being too lenient.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards* ), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

The respondent has a history of discipline which is an aggravating factor. *See id.* at 9.22(a). He received a letter of admonition in 1981 and another admonition in 1994. In addition, this case presents a pattern of misconduct, *id.* at 9.22(c); there are multiple offenses, *id.* at 9.22(d); the respondent engaged in bad faith obstruction of the disciplinary proceeding, *id.* at 9.22(e); he has refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); and the respondent has substantial experience in the practice of law, *id.* at 9.22(i). The board found no factors tending to mitigate the respondent's misconduct.

The complainant asserts that a suspension for one year and one day is warranted under the facts of this case, and we agree. The respondent's conduct during the proceedings below greatly concerned the hearing board,

as it does this court. The respondent's answer to the complaint in GC 95B–28 states in part:

### FIRST AFFIRMATIVE DEFENSE

Complainant is without jurisdiction due to the fact that the Respondent has refused to register with the Supreme Court since 1993.

### SECOND AFFIRMATIVE DEFENSE

The report filed by [the investigator for the Office of Disciplinary Counsel] is one that abounds with examples of her incompetence or worse yet prejudice, and as a result the complainants are bar [sic] by the doctrine of unclean hands.

Wherefore Complainant having failed to establish any of their fictitious allegations the Respondent request [sic] that this matter be dismissed.

The respondent did not pursue his frivolous first affirmative defense at the hearing. In addition, during his opening statement before the board, the respondent indicated that he could "care less" about the practice of law. Throughout his defense in Case No. GC 95B–28, Respondent verbally attacked the complaining witness, Ms. Johnson. Respondent failed to recognize or address any misconduct on his part.

Finally, following the hearing board's finding of misconduct, the parties were asked to submit briefs with suggested disciplinary sanctions by February 13, 1996. The respondent did not file such a brief. Instead he filed a "Motion for Specific Findings of Fact," which essentially expressed the respondent's purported inability to understand that he had done anything wrong in the Johnson case and insulted the complaining witness.

The respondent's inexplicable and inappropriate conduct in this case causes us to harbor grave doubts about his future ability to practice law in a responsible manner. We therefore believe that a longer period of suspension than six months is necessary. Accordingly, we generally accept the panel's and board's recommendations of discipline, but order that the respondent be suspended for one year and one day.

### III.

It is hereby ordered that Michael F. Scott be suspended from the practice of law for one year and one day, effective thirty days after this opinion is issued. Prior to reinstatement, and as conditions therefor, the respondent must demonstrate:

(1) that he has taken and passed the multistate professional responsibility examination;

(2) that he has reimbursed Margaret Johnson for the $1,000 which she paid as part of the settlement of the attorney fees and costs assessed against her, plus statutory interest until paid; and

(3) that he has reimbursed Daphnee Winters the $200 she paid the lawyer to complete her dissolution of marriage, plus statutory interest until paid.

The respondent is also ordered to pay the costs of this proceeding in the amount of $935.88 within thirty days of the date on this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Respondent shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).