In the Matter of Michael F. SCOTT, Attorney–Respondent.

No. 99SA28.

Supreme Court of Colorado, En Banc.

April 26, 1999.

Linda Donnelly, Attorney Regulation Counsel, Debora D. Jones, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

## PER CURIAM.

The respondent in this lawyer discipline case is Michael F. Scott. Scott was admitted to practice law in Colorado in 1968. On April 21, 1997, we suspended him for a year and a day for misconduct unrelated to this proceeding. *See People v. Scott*, 936 P.2d 573, 576 (Colo.1997). He has not been reinstated from the 1997 suspension. Scott did not appear before the hearing board and has not appeared in this court. A hearing panel of the supreme court grievance committee generally approved the findings and recommendation of the hearing board that Scott be disbarred. We accept the panel's recommendation and order that Scott be disbarred.

### I. *The Proceedings Below*

Scott did not answer the formal complaint filed in this case and a default was entered against him. The allegations of fact contained in the complaint were therefore deemed admitted. C.R.C.P. 241.13(b); *People v. Pierson*, 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

In October 1992, Andrew L. Martinez, II, was involved in an altercation with Gary Dockins. According to the hearing board, Martinez struck Dockins with a baseball bat, severely injuring Dockins's elbow. Martinez was charged with first-degree assault with a deadly weapon, automobile theft, and criminal mischief. He hired Scott to represent him on the criminal charges and paid Scott a $700 advance fee. Martinez pleaded guilty to second-degree assault and was sentenced to sixty days in the county jail and ordered to pay $30,000 in restitution.

On March 8, 1993, Martinez was speaking with Scott when Martinez was served with documents he later learned were the summons and complaint of a civil action that Dockins had filed against him. Scott grabbed the documents from Martinez's hand and said that he would take care of it.

Scott failed to timely answer the complaint on behalf of Martinez and a default was entered. Scott did not file a motion to set aside the entry of default. A hearing on the amount of damages was held on August 26, 1993. Scott appeared, but put on no evidence on Martinez's behalf. Martinez did not appear because he was unaware of the hearing. The court entered judgment in favor of Dockins against Martinez in the amount of about $221,000. This amount included $42,000 in punitive damages which the court awarded pursuant to an amendment of the complaint. Although a copy of the plaintiff's motion to amend the complaint was sent to Scott, he did not respond, and the amendment was allowed.

Martinez only learned of the civil action and the judgment that had been entered against him when he was served with a writ of continuing garnishment. The hearing board found that Martinez has sustained a catastrophic financial burden and has undergone serious personal problems because of the judgment entered against him.

Scott's conduct violated Colo. RPC 1.1 (failing to provide competent representation); 1.3 (neglecting a legal matter entrusted to a lawyer); and 1.4(a) (failing to communicate with a client). In addition, Scott's failure to respond to these proceedings violated C.R.C.P. 241.6(7).

## II. *Analysis of the Proper Sanction*

▇ The hearing panel approved the board's findings and its recommendation that Scott be disbarred. The panel modified the board's recommendation with regard to restitution, however. The board had recommended that Scott be "ordered to pay restitution of $221,000 plus interest as a condition of readmission." The hearing panel correctly concluded that damages of this type should not be assessed in a disciplinary proceeding. While the entry of the *default* judgment against Martinez was undoubtedly caused by Scott's neglect, it is neither appropriate nor possible in this proceeding to determine what part of Martinez's damages was actually caused by that neglect. *See People v. Rouse,* 817 P.2d 967, 969 (Colo.1991). For example, given Martinez's conviction for second-degree assault in the criminal case, judgment may have been entered against Martinez in the civil case anyway, even without Scott's misconduct.

▇ Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating factors, disbarment is appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. While the precise amount of damages that Martinez has sustained due to Scott's negligence may not have been established, it certainly qualifies as a serious or potentially serious injury. Aggravating factors include Scott's history of prior discipline. *See* ABA *Standards* 9.22(a). Scott was suspended for a year and a day in 1997 for seriously neglecting two client matters, *see Scott,* 936 P.2d at 575–76, and received letters of admonition in 1981 and 1994, *see id.* Additional aggravating factors include the presence of multiple offenses, *see* ABA *Standards* 9.22(d), failing to cooperate in these proceedings, *see id.* at 9.22(e), the vulnerability of the victim, *see id.* at 9.22(h), and substantial experience in the practice of law, *see id.* at 9.22(i). Because he defaulted before the hearing board, no mitigating circumstances were found. We agree with the hearing board and panel that disbarment is appropriate in this case. Accordingly, we accept the hearing panel's recommendation.

### III.

It is hereby ordered that Michael F. Scott be disbarred, effective upon the issuance of this opinion. It is further ordered that Scott pay the costs of this proceeding in the amount of $171.51 within thirty days after the release of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. We are not now ordering Scott to make a specific amount of restitution to Martinez as a condition of readmission. However, in any readmission proceeding, Scott's efforts towards making appropriate restitution to Martinez will be a significant factor in determining whether Scott will ever be readmitted.