**The PEOPLE of the State of Colorado, Complainant,**

v.

**Douglass F. PRIMAVERA, Attorney–Respondent.**

**Nos. 97SA18, 97SA154.**

Supreme Court of Colorado, En Banc.

July 28, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Douglass F. Primavera, Alamosa, Pro Se.

**PER CURIAM.**

A hearing panel of the supreme court grievance committee approved a hearing board's findings of fact and recommendation in No. 97SA18, a lawyer discipline case, that the respondent be suspended for forty-five days. The same hearing panel approved the findings and recommendation of another hearing board in a second, separate, proceeding, that the respondent be suspended for sixty days. We have consolidated the two proceedings for the purpose of issuing one opinion and order. For the reasons below, we accept the panel's recommendations, but order that the periods of suspension run consecutively, for a total of 105 days.

### I. No. 97SA18

The respondent was licensed to practice law in Colorado in 1967. The respondent did not answer or otherwise respond to the complaint filed in No. 97SA18, so the presiding officer of the hearing board entered an order of default against him. The facts contained

in that complaint were therefore deemed admitted. *People v. McCaffrey*, 925 P.2d 269, 270 (Colo.1996); C.R.C.P. 241.13(b). Based on the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

The respondent represented Gary Padilla in a criminal case pending in Conejos County District Court. Padilla was convicted of felony menacing with a deadly weapon, a class 5 felony. *See* § 18–3–206, 8B C.R.S. (1986). On June 6, 1994, Padilla was sentenced to three years in the Colorado Department of Corrections (DOC). Shortly thereafter, Padilla was convicted of theft and sentenced to five years in the DOC, to run concurrent with the three year sentence. The respondent filed a notice of appeal in the menacing case, listing proposed issues. On August 16, 1994, the Colorado Public Defender's Office entered its appearance on behalf of Padilla; however, two weeks later, the Public Defender's Office filed a motion to withdraw based on a conflict of interest. The district court then appointed the respondent to represent Padilla on the appeal, and a copy of the order of appointment was sent to the respondent on November 10, 1994.

The court of appeals ordered that Padilla's opening brief was due on or before February 20, 1995. On February 21, 1995, the respondent filed a motion for extension of time, which was granted to and including April 7, 1995. The court of appeals also granted the respondent's March 14, 1995 motion for "additional designation of record," making the opening brief due thirty days after the supplemental record was filed. The respondent took no action to obtain or file a supplemental record.

When no additional record was filed, the court of appeals deemed the record complete and ordered the respondent to file his opening brief by July 6, 1995. No such brief or motion for extension of time was filed. Therefore, on July 17, 1994, the court of appeals issued an order to show cause by July 31 why the appeal should not be dismissed with prejudice for failure to file the opening brief. On August 28, 1995, the respondent filed a four-and-one-half page opening brief, requesting the court of appeals to allow the late filing.

Meanwhile, Padilla wrote to the court of appeals, indicating that he had not heard from the respondent. In response, the court of appeals remanded the case to the district court. On September 8, 1995, the district judge found that "the continued appointment of [the respondent] is appropriate," and his order stated that he had "called counsel [the respondent] and was informed the brief was 'being typed.' Counsel has subsequently assured this court that he had submitted the brief and a motion requesting an extension of time. [The respondent] has also indicated he has written to Mr. Padilla...."

Padilla filed a request for investigation of the respondent on November 29, 1995. In subsequent communications with the Office of Disciplinary Counsel, Padilla represented that when he called the respondent's office in August 1995, the respondent's secretary put him on hold, then came back on the line and told him, "Doug [the respondent] said that [you] do not pay him enough to demand his time." In addition, Padilla indicated that as of February 26, 1996, he still had not received any communication from the respondent.

As the respondent informed the hearing board, Padilla's conviction was affirmed on appeal. *See People v. Padilla*, No. 94CA1231 (Colo.App. Feb. 8, 1996) (not selected for official publication).

The hearing board concluded that the respondent's failure to provide competent representation to Padilla by not filing the supplemental record and by not filing a timely opening brief violated Colo. RPC 1.1 (failing to provide competent representation to a client), and Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer). His lack of communication with his client violated Colo. RPC 1.4(a), and his misrepresentation to the district judge that he had "written to Mr. Padilla," when he had not, violated Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

## II.  No. 97SA154

On April 24, 1996, the presiding officer of the hearing board in No. 97SA154 entered an order striking the respondent's answer to the complaint and entering a default, based on the respondent's willful failure to provide discovery. *See People v. Tucker*, 904 P.2d 1321, 1322 (Colo.1995); C.R.C.P. 37(b)(2); Colo. RPC 241.13(b).  Based on the default and the evidence presented at the hearing, the board made the following findings.

### A.

On January 18, 1994, William Gonzales was convicted of three counts of sexual assault on a child by force, and one count of kidnapping. With the agreement of the parties, Gonzales was sentenced to forty-six years imprisonment.  Gonzales's lawyer, a public defender, later filed a motion to correct the sentence indicating that, when properly calculated, the sentence should be thirty years.  Gonzales filed pro se motions to appeal.  After the public defender filed a motion to withdraw, the district court appointed the respondent to represent Gonzales on his appeal on April 27, 1994.  Although he wrote to Gonzales in May 1994, and notified him that he had been appointed, the respondent took no further action on Gonzales's behalf and did not communicate with him further.  When Gonzales expressed his frustrations with the respondent, the court appointed another lawyer to represent him.

The hearing board found that the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter), and Colo. RPC 1.4(a) (failing to communicate with a client).

### B.

On April 15, 1994, the respondent was appointed by the court to represent Michael Martinez, who was incarcerated in the DOC, in a dependency and neglect matter involving the alleged molestation of Martinez's daughters by a boyfriend of Martinez's former wife.  The respondent did not notify Martinez of the appointment, and Martinez learned of the appointment for the first time in September 1994 from the Conejos County Department of Social Services.  Finally, six months after he was appointed, on October 11, 1994, the respondent wrote to Martinez and told him he had been appointed, and requested certain information.  He also informed his client that a hearing in the dependency and neglect matter was scheduled for October 20, 1994.

A hearing was held in the matter on November 10, 1994, but the respondent did not attend.  The court entered an order requiring Martinez's daughters to remain in out-of-home placement "until Family Preservation Services are in place."

Martinez complained to the court about the respondent's neglect in representing him in December 1994.  On December 21, 1994, the court permitted the children to return to Martinez's ex-wife's home.  The respondent notified Martinez of the results of the hearing on December 24.  The hearing board determined that the respondent's conduct in the Martinez matter violated Colo. RPC 1.4(a) (failing to communicate).

### III.

The hearing board in No. 97SA18 recommended that the respondent be suspended for forty-five days and the panel accepted the recommendation.  The respondent excepted to the board's and panel's actions.  We granted the respondent's motion for additional time to file his opening brief, so that the respondent could file a single consolidated brief in No. 97SA18 and No. 97SA154, which was on its way to this court, and we denied the complainant's motion to strike exceptions.

The hearing panel in No. 97SA154 subsequently recommended that the respondent be suspended for sixty days.  When the respondent failed to file exceptions in No. 97SA154, however, we granted the complainant's renewed motion to strike the respondent's exceptions in No. 97SA18.  In the renewed motion to strike, the complainant requested that the two matters be consolidated and suggested that the court should order the respondent to serve the two suspensions consecutively.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA

*Standards* ), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. *See also id.* at 6.12 (suspension generally appropriate when a lawyer knows that false statements are being submitted to the court).

In aggravation, the respondent has a history of discipline. *See id.* at 9.22(a) (previous discipline is an aggravating factor). He received six admonitions in the 1970s for neglect of legal matters, and he was publicly censured in 1995 for failure to pay court-ordered child support. *People v. Primavera,* 904 P.2d 883 (Colo.1995). In addition, there is a pattern of misconduct, *see id.* at 9.22(c); the presence of multiple offenses, *see id.* at 9.22(d); the respondent's clients were vulnerable due to being incarcerated, *see id.* at 9.22(h); and he has substantial experience in the practice of law, *see id.* at 9.22(i).

In mitigation, the board found that the respondent did not have a dishonest or selfish motive at the time of the misconduct, *id.* at 9.32(b); and expressed remorse about his conduct in the Padilla matter, *see id.* at 9.32(*l* ).

This case involves the respondent's neglect of three client matters, and consistent with our precedent, we have determined at least a short period of suspension is necessary to protect the public. *See, e.g., People v. Williams,* 915 P.2d 669, 670 (Colo.1996) (suspending lawyer for three months for neglect of legal matter aggravated by lawyer's prior discipline); *People v. Fried,* 898 P.2d 1066, 1068 (Colo.1995) (lawyer suspended for thirty days for neglect of two client matters where lawyer had received two prior admonitions). Because of the number of client matters involved in these consolidated cases, and the extent of the neglect, we conclude that the recommended periods of suspension, forty-five days and sixty days, should run consecutively, for a total of 105 days.

IV.

It is hereby ordered that Douglass F. Primavera be suspended from the practice of law for 105 days, effective thirty days after this opinion is issued. The respondent is also ordered to pay the combined costs of these two proceedings in the amount of $538.39 within thirty days of the date on this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

MARTINEZ, J., does not participate.