The PEOPLE of the State of
Colorado, Complainant,

v.

Joel Edward SHOCK, Attorney–
Respondent.

No. 98SA363

Supreme Court of Colorado,
En Banc.

Jan. 4, 1999.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, Colorado, Attorneys for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

This is a lawyer discipline case. The respondent, Joel Edward Shock, defaulted before the hearing board and has not appeared in this court. A hearing panel of the grievance committee approved the findings and recommendation of the board that the respondent be suspended for three years. We accept the recommendation and order that the respondent be suspended for three years.

I.

Joel Edward Shock was admitted to practice law in Colorado in 1985. Because he did not answer the complaint filed in this case, the hearing board entered a default against him causing the allegations in the complaint to be deemed admitted. *See People v. Holmes,* 951 P.2d 477, 478 (Colo.1998). Based on the default and the evidence presented by the complainant at the hearing, the board made the following findings by clear and convincing evidence.

A. The Lien

In January 1995, Wallace Rodriguez hired Shock to represent him with respect to removing a lien on his property. The lien arose from a judgment against Rodriguez's son. Shock obtained a stipulated order from the county court declaring the lien void in February 1995. On February 10, 1995, the lien holder sent Shock a copy of the order by facsimile transmission with a message that said, "Per our conversation – original to follow." Shock informed his client by letter dated February 15, 1995 that the original court order would follow after Shock received it from the clerk and recorder's office. Rodriguez assumed that Shock would ensure that the order was recorded and the lien was released. However, Shock took no further action to see that the lien was released.

When Rodriguez attempted to obtain a loan in early 1997, he discovered that the order releasing the lien on his property had not been recorded. Shock again promised his client that he would take care of it, but in fact took no further action, even after Rodriguez filed a request for investigation against him and Shock told the disciplinary counsel that he would make sure the lien was removed from his client's credit report.

By effectively abandoning Rodriguez, Shock violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer) and 1.4(a) (failing to communicate appropriately with a client about the status of a legal matter).

## B. The Dissolution

In June 1996, Rodriguez's son, Wallace Rodriguez Jr., retained Shock to represent him in his dissolution of marriage proceeding and provided Shock with the information necessary to file the dissolution petition. Wallace Rodriguez paid Shock $400 to represent his son. At some point in the summer of 1996, Shock prepared a draft of a petition for dissolution, but did not file it.

Shock's client did not know where his wife was, and Shock told him that she could be served by publication if diligent attempts to serve her personally were unsuccessful. In January 1997, however, the client learned that his wife was being detained by the Immigration and Naturalization Service and was facing deportation. Shock was advised that the only people allowed to see her were her lawyer and immediate family. Nevertheless, Shock made no efforts to serve the wife, file a petition for dissolution, or communicate with his client after March 1997. Shock has not accounted for the $400 he was paid and has effectively abandoned his client.

The hearing board concluded that Shock thereby violated Colo. RPC 1.3 (neglecting a legal matter), 1.4(a) (failing to communicate with a client), 1.5(a) (charging an unreasonable fee because the client received no benefit from the $400 fee), and 1.16(d) (failing to take reasonable steps to protect a client's interests after terminating the client-lawyer relationship).

## C. Administrative Suspension

On January 14, 1997, Shock was suspended from the practice of law because he failed to pay his attorney registration fee. He did not inform the Rodriguezes of his suspension, *see* C.R.C.P. 241.21(b), nor did he file the necessary affidavit with this court confirming that he had given the required notice to clients and opposing parties, *see* C.R.C.P. 241.21(d). He therefore violated Colo. RPC 1.4(a) (failing to communicate with a client), 8.4(d) (engaging in conduct prejudicial to the interests of justice), and C.R.C.P. 241.21(b), (d).

## II.

The hearing panel approved the board's findings and the recommendation that Shock be suspended for three years. The complainant does not except to this recommendation. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>
> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41; *see, e.g., People v. Townshend*, 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return the unearned retainers she collected, thereby converting those funds to her own use). The hearing board in this case found that Shock effectively abandoned his two clients. However, the board concluded that "the record does not establish any *serious* injury or potentially *serious* injury to the respondent's clients." (Emphasis added.)

Suspension is generally appropriate when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

The hearing board found the existence of the following aggravating factors: the presence of a dishonest or selfish motive, *see id.* at 9.22(b); a pattern of misconduct, *see id.* at 9.22(c); multiple offenses, *see id.* at 9.22(d); substantial experience in the practice of law, *see id.* at 9.22(i); and indifference to making restitution, *see id.* at 9.22(j). Because the respondent did not appear or offer any evidence, the only mitigating circumstance found was the absence of previous discipline.

**968**

*See id.* at 9.32(a). As we said in *People v. Rishel,* 956 P.2d 542, 544 (Colo.1998):

> The respondent's apparent abandonment of his clients makes it problematical whether a period of suspension, rather than disbarment, is adequate. As we said in *People v. Odom,* 914 P.2d 342, 345 (Colo. 1996), "[p]rior caselaw would sustain either a long period of suspension or disbarment in this case. However, '[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommendations of the hearing panel and impose a period of suspension rather than disbarment.'" Consistent with our decision in *Odom,* we accept the recommendations of the hearing panel and hearing board.

Following these previous cases, we elect to accept the recommendations of the hearing board and panel and suspend Shock for three years. However, two members of the court would have disbarred the respondent.

### III.

Accordingly, it is hereby ordered that Joel Edward Shock be suspended from the practice of law for three years, effective thirty days after the date on this opinion. It is further ordered that Shock pay restitution to Wallace Rodriguez in the amount of $400 plus statutory interest from June 1, 1996. Shock is also ordered to pay the costs of this proceeding in the amount of $148.22 within thirty days after the announcement of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. Shock shall not be reinstated until he has complied with C.R.C.P. 251.29.