**In the Matter of Daniel Scott
BILDERBACK**

**No. 98SA207.**

Supreme Court of Colorado,
En Banc.

Jan. 19, 1999.

Linda Donnelly, Attorney Regulation Counsel, John S. Gleason, Deputy Attorney Regulation Counsel, Denver, Colorado

Daniel Scott Bilderback, Pro Se Honolulu, Hawaii.

PER CURIAM.

This lawyer discipline case involves two formal complaints filed against the respondent, Daniel Scott Bilderback. Orders of default were entered with respect to both complaints. A hearing panel of the grievance committee approved the board's findings and recommendation that the respondent be disbarred. We accept the recommendations and order that Bilderback be disbarred.

## I.

Daniel Scott Bilderback was admitted to the bar of this court on October 22, 1988. He failed to answer the complaint filed in matter No. GC 96A–83, and the board entered an order of default. *See* C.R.C.P. 241.13(b). Bilderback filed an answer to the second complaint, No. GC 97A–59, but his answer was stricken as a sanction for Bilderback's failure to comply with repeated requests for discovery. As a consequence, a default was entered against him. *See People v. Primavera*, 942 P.2d 496, 498 (Colo.1997). The allegations in both complaints were therefore deemed admitted. *See People v. Holmes*, 951 P.2d 477, 478 (Colo.1998). Based on the defaults and the evidence presented by the complainant at the hearing, the board made the following findings by clear and convincing evidence.

### A. Count I (No. GC 96A–83)

Conrad Sanchez hired Bilderback to represent him in a felony sexual assault case in El Paso County. Bilderback appeared with his client on February 16, 1995 for the preliminary hearing in El Paso County Court. The case was set for trial in the district court on May 8, 1995. Granting Bilderback's motion

for a continuance, the district judge reset the trial for July 10, 1995.

Bilderback then filed a second motion for a continuance based on a medical emergency. The district judge granted the motion and set the trial to begin on August 7, 1995. Bilderback did not appear for trial on August 7, although his client did. The judge continued the trial to September 5, 1995.

On or about August 23, 1995, the trial court received Bilderback's motion to withdraw. The motion asserted that Bilderback had difficulty in contacting Sanchez. The district court decided to rule on the motion to withdraw on the September 5 trial date. Sanchez appeared for trial on September 5, but Bilderback did not.

Sanchez told the trial judge that he had been unable to contact Bilderback despite numerous attempts. The deputy district attorney and the court's clerk reported the same problem. The case was continued to September 22, but again everyone but Bilderback appeared. The case was continued for one last time until October 6, 1995, and Sanchez pleaded guilty to misdemeanor sexual assault pursuant to a plea agreement. Bilderback did not assist Sanchez in the plea negotiations.

The trial judge issued a show cause citation to Bilderback, ordering him to appear on October 20, 1995. On October 19, the court received a letter from Bilderback containing a motion to reconsider and indicating that he had moved to Hawaii. The judge entered an order on October 30 finding Bilderback's failure to appear prejudicial, especially to the victim, but concluding that no further action was required because the Sanchez case had been resolved.

As the hearing board determined, the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer), 1.4(a) (failing to communicate appropriately with a client about the status of a legal matter), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

### B. Count II (No. GC 96A–83)

Thomas C. Archuleta hired Bilderback in April 1994 to handle a bankruptcy matter for him. Archuleta paid him $500 and provided the documents he requested. In July 1994, Bilderback told Archuleta that everything was "moving smoothly," but in fact Bilderback did not file a bankruptcy petition and took no further action on his client's behalf. Archuleta made several unsuccessful attempts to contact Bilderback in the fall of 1995, but found that the lawyer's telephone had been disconnected. After Archuleta filed a request for investigation with the Office of Disciplinary Counsel, he received a letter from Bilderback requesting recent bills and debt information. Archuleta has not heard from Bilberback since that letter.

Bilderback's conduct violated Colo. RPC 1.3 (neglecting a legal matter), 1.4(a) (failing to communicate appropriately with a client), 1.5(a) (charging an unreasonable fee because the client received no benefit from the $500 fee), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

### C. Count III (No. 97SA59)

On September 13, 1993, Phillip and Linda Baker were involved in an automobile accident. They retained Bilderback to represent them in their claim for injuries. He agreed to represent them for a 30% contingency fee and they signed a fee agreement.

On September 16, 1993, the Bakers executed lien forms for the payment of services rendered by one of their medical providers, Donald N. Johnston, D.C. Dr. Johnston sent copies of the forms to Bilderback, who did not sign an acknowledgement of the liens but did explain to the Bakers that additional amounts might be deducted from any settlement to pay Dr. Johnston.

Without her knowledge or consent, Bilderback settled Linda Baker's claim in early 1995 for $20,000. He did not provide copies of the settlement documents to the Bakers. He told Phillip Baker that the $20,000 was the most they could get, and Baker signed documents on behalf of his wife without her authorization. Bilderback gave the Bakers $3,175.11 in settlement proceeds.[1]

Bilderback did not notify Dr. Johnston of the settlement. Dr. Johnston continued providing services to the Bakers, resulting in an additional $980.82 being incurred. Dr. Johnston also stated that Bilderback never asked him about his clients' condition and prognosis, or if they had reached maximum medical improvement prior to the settlement. Linda Baker had not reached maximum medical improvement when Bilderback settled the case.

Upon learning of the settlement, Dr. Johnston wrote to Bilderback about his unpaid bill. After the doctor communicated with the Office of Disciplinary Counsel, Bilderback contacted him and indicated that he did not know that Dr. Johnston had not been paid in full by his clients' insurer. Bilderback also wrote to the Bakers' insurer. Nevertheless, Bilderback has never honored Dr. Johnston's lien by paying the medical fees associated with the services Dr. Johnston rendered to the Bakers.

Bilderback thereby violated Colo. RPC 1.2(a) (failing to abide by the client's decision in a legal matter), 1.3 (neglecting a legal matter), 1.4(a) (failing to keep a client reasonably informed about the status of a legal matter), 1.4(b) (failing to explain a matter to the extent reasonably necessary to permit the client to make an informed decision), 1.15(b) (failing to remit funds his client agreed to pay, and to render a full accounting to a client upon request), and 8.4(c) (engaging in conduct involving dishonesty, deceit, fraud, or misrepresentation).

### II.

The hearing panel approved the board's recommendation that Bilderback be dis-

---

1. In the exceptions Bilderback filed to the hearing panel's action in this case, he represented that he paid the Bakers about $13,175.11, not $3,175.11. We need not resolve this issue since Bilderback's exceptions were stricken by order of this court because of his failure to ask the reporter to prepare a transcript of the proceedings and to file a designation of the record as required by C.R.C.P. 241.20(b)(4). In any event, the hearing board did not recommend that Bilderback be required to make restitution to the Bakers, and the discrepancy does not affect our analysis in this case.

barred and that he be required to pay certain restitution before being readmitted. The complainant has not excepted to the recommendation and Bilderback's exceptions were stricken because of his failure to comply with C.R.C.P. 241.20(b). *See* n.1 above.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41; *see, e.g., People v. Townshend*, 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return the unearned retainers she collected, thereby converting those funds to her own use). The hearing board found that Bilderback had effectively abandoned his clients:

> It was evident to the hearing board that all of the clients that testified were extremely vulnerable, and that the respondent effectively abandoned all of his clients and impaired his clients' ability to pursue their claims for relief. The hearing board also finds that the respondent misrepresented several facts related to the Bakers' personal injury matter. Additionally, the respondent misrepresented to the insurance company that he had the authority to settle the matter for $20,000 when clearly he did not.

On the other hand, suspension is generally appropriate when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

The hearing board found the existence of the following aggravating factors: Bilderback was previously disciplined by letter of admonition in 1996 for "very similar" misconduct, *see id.* at 9.22(a); there is the presence of a dishonest or selfish motive, *see id.* at 9.22(b); a pattern of misconduct, *see id.* at 9.22(c); multiple offenses, *see id.* at 9.22(d); Bilderback engaged in a bad faith obstruction of the disciplinary hearing by intentionally failing to comply with the rules and orders of the disciplinary authorities, *see id.* at 9.22(e); and his victims were vulnerable, *see id.* at 9.22(h). Because the respondent did not appear or offer any evidence, the only mitigating circumstance found was that Bilderback was inexperienced in the practice of law. *See id.* at 9.32(f).

In a case with similar facts, and a default proceeding like this one, we accepted the hearing board's and panel's recommendations that the attorney be suspended for three years rather than disbarred. *See People v. Shock*, 970 P.2d 966, 967–68 (Colo.1999). In recommending disbarment in this case, the board concluded that Bilderback's prior disciplinary "history coupled with the similar proven conduct described herein, and the resulting harm to the complaining witnesses, requires imposition of the most serious discipline of disbarment." In contrast, the hearing board in *Shock* found that "the record does not establish any *serious* injury or potentially *serious* injury to the respondent's clients." *See id.* at 967 (emphasis added in *Shock*). As we did in *Shock*, we find the hearing board's findings and recommendation persuasive. Accordingly, we accept the recommendation and order that Bilderback be disbarred.

### III.

It is hereby ordered that Daniel Scott Bilderback be disbarred, effective thirty days after the issuance of this opinion. It is further ordered that Bilderback be required to demonstrate prior to readmission, and as a condition of readmission, that he has made restitution to Thomas Archuleta in the amount of $500 plus statutory interest from April 30, 1994, until paid; and has made restitution to Donald N. Johnston in the

amount of $980.82 plus statutory interest from September 16, 1993, until paid. Bilderback is also ordered to pay the costs of this proceeding in the amount of $151.85, to the Attorney Regulation Committee of the Supreme Court, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432, within thirty days of the date on this opinion.