**In the Matter of David Robert DEMARAY, Attorney–Respondent.**

No. 99SA74.

Supreme Court of Colorado, En Banc.

Sept. 13, 1999.

John S. Gleason, Attorney Regulation Counsel, James S. Sudler, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

No Appearance by or on Behalf of Attorney–Respondent.

PER CURIAM.

David Robert Demaray is the respondent in this lawyer discipline case. He defaulted before the grievance committee and has not appeared in this court. A hearing panel of the grievance committee approved the findings and recommendation of a hearing board that Demaray be suspended for three years for his abandonment of a client in a criminal case. We accept the panel's and board's recommendations and suspend Demaray for three years.

I.

David Robert Demaray was admitted to practice law in Colorado in 1996. He did not answer the formal complaint filed in this case, and he failed to appear at the hearing or submit any evidence in response to the complaint. As a result, the board entered a default against him and the facts of the complaint were deemed proven. *See* C.R.C.P. 241.13(b); *In re Bilderback,* 971 P.2d 1061, 1062 (Colo.1999). Based on the default and the evidence presented by the complainant, the hearing board found the following facts were established by clear and convincing evidence.

On September 23, 1997, Demaray entered his appearance on behalf of a client in a misdemeanor criminal case. Trial was set for December 8, 1997, but Demaray did not inform his client of the setting. After neither Demaray nor his client appeared for trial, a bench warrant was issued for the client's arrest and Demaray was ordered to appear on January 16, 1998 and show cause why he should not be held in contempt. When Demaray did not appear for the show cause hearing, the court issued an order holding him in contempt and a bench warrant for his arrest.

Notice of the request for investigation filed against Demaray was sent to his business address by certified mail. He failed to respond to the request for investigation, and he did not cooperate in any way with the Office of Disciplinary Counsel.

The hearing board found that Demaray's conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to a lawyer); 1.4(a) (failing to communicate with a client); 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); 8.4(d) (engaging in conduct prejudicial to the administration of justice); and 8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law). His failure to cooperate with the office of disciplinary counsel or the grievance committee, and his default in these proceedings, violated Colo. RPC 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority),

and C.R.C.P. 241.6(7) (failing to respond to a request by the grievance committee without good cause shown, or obstructing the committee or any part thereof in the performance of its duties).

## II.

The hearing panel accepted the board's recommendation that Demaray be suspended for three years. The board found that Demaray abandoned his client, causing him at least potentially serious harm. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41; *see, e.g., People v. Townshend,* 933 P.2d 1327, 1329 (Colo.1997) (disbarring lawyer who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return the unearned retainers she collected, thereby converting those funds to her own use). On the other hand, suspension is the presumed sanction when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

The record in a default proceeding such as this one is necessarily sparse. The hearing board did not find that Demaray has abandoned the practice of law. Nor does the evidence show that Demaray misappropriated any client funds by accepting a fee and then abandoning the client. Nevertheless, disbarment would still be an appropriate sanction because of the potential for serious harm to the client in this case. *See* ABA *Standards* 4.41(b), (c). Aggravating factors

include the presence of multiple offenses, *see id.* at 9.22(d), and Demaray's bad faith obstruction of the disciplinary process, *see id.* at 9.22(e).

We find the existence of mitigating factors significant. Demaray has not been previously disciplined in the three years he has been licensed, *see id.* at 9.32(a), and he is inexperienced in the practice of law, *see id.* at 9.32(f). Because of the abbreviated record in this case, it is difficult to tell if Demaray's abandonment of his client was part of a pattern or if it was an isolated occurrence. In addition, the record before us fails to disclose the status of the bench warrant for Demaray's arrest or the finding of contempt. In an analogous case we said:

The respondent's apparent abandonment of his clients makes it problematical whether a period of suspension, rather than disbarment, is adequate. As we said in *People v. Odom,* 914 P.2d 342, 345 (Colo. 1996), "[p]rior caselaw would sustain either a long period of suspension or disbarment in this case. However, '[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommendations of the hearing panel and impose a period of suspension rather than disbarment.'"

*People v. Rishel,* 956 P.2d 542, 544 (Colo. 1998). Treating this case consistently with these other similar cases, we elect to accept the board's and panel's recommendation of a three-year suspension. *Accord People v. Shock,* 970 P.2d 966, 967 (Colo.1999). However, at least one member of the court would disbar Demaray for his misconduct.

## III.

It is hereby ordered that David Robert Demaray be suspended from the practice of law for three years, effective thirty days after the issuance of this opinion. It is further ordered that Demaray shall pay the costs of this proceeding in the amount of $168.53 within thirty days after the announcement of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. Demaray shall not be reinstat-

ed until he has complied with C.R.C.P. 251.29.

Justice SCOTT does not participate.