In the Matter of Frederic Ames
RIGHTER, Attorney–Respondent.

No. 99SA43.

Supreme Court of Colorado,
En Banc.

Nov. 22, 1999.

John S. Gleason, Attorney Regulation
Counsel, James S. Sudler, Assistant Attorney
Regulation Counsel, Denver, Colorado Attor-
neys for Complainant.

No Appearance By or on Behalf of Attor-
ney-Respondent.

PER CURIAM.

■ Frederic Ames Righter is the subject
of this attorney disciplinary proceeding. His
neglect and misrepresentations in a legal
matter caused his clients to suffer the entry
of a default judgment against them. Righter
defaulted before the hearing board and he
has not appeared in this court. A hearing
panel of the supreme court grievance com-
mittee approved the findings and recommen-
dations of a hearing board that Righter be
suspended for a period of two years and that
he be required to pay restitution to his for-
mer clients as a condition of reinstatement.
We accept the panel's and board's findings,
but we conclude that a two-year suspension
is too lenient given the misconduct and we
therefore order that Righter be suspended
for three years.[1]

I.

Frederic Ames Righter was admitted to
practice law in this state in 1985. Because
he failed to answer the formal complaint in
this case, a default was entered against him.
The allegations of the complaint were there-
fore deemed admitted. *See* C.R.C.P.
241.13(b); *In re Bilderback,* 971 P.2d 1061,
1062 (Colo.1999). Based on the default and
the evidence presented at the hearing, the
board made the following findings by clear
and convincing evidence.

Righter represented Clint and Gordon Jir-
oux, who, through Freestyle Construction
Inc., built a house for Doctor and Mrs. Peter-
son in Telluride, Colorado. One of Free-
style's subcontractors brought an action
against the Petersons and others to foreclose
on a mechanics' lien because of non-payment.
The Petersons filed cross-claims against
Freestyle and the Jiroux brothers in August
1994. After he was retained to represent the
Jirouxs, Righter entered his appearance in
the case on November 3, 1995. In October
1995, the Petersons had filed a third amend-

1. Because Righter defaulted below and has not
appeared in this court, it is unnecessary to issue
a rule to show cause why a more severe sanction
should not be imposed. *See People v. Crimaldi,*
804 P.2d 863, 864 n. 1 (Colo.1991).

In a subsequent discipline case independent of
this one, the presiding disciplinary judge entered

an order disbarring Righter. *See In re Righter,*
No. GC98A120, slip op. at 6 (Colo. PDJ June 17,
1999). The PDJ stayed the order of disbarment
pending further proceedings before the appellate
discipline commission. That appeal is still pend-
ing as of the date of this opinion.

ed cross-claim against the Jiroux brothers. Righter's motions to dismiss the cross-claims were denied on June 30, 1997. When Righter failed to file an answer to the third amended cross-claim, the Petersons moved for the entry of a default against the Jirouxs, and the court ordered Righter to respond within fifteen days of August 4, 1997.

On August 21, 1997, Righter filed a response stating that an answer was forthcoming. He misrepresented to the court that the answer was then being reviewed by his clients. Righter did not file an answer and on September 15, 1997 the court entered a default against the Jirouxs. A hearing was set for November 19, 1997 to determine the amount of the Petersons' damages. A week after the default was entered, Righter misrepresented to his clients' brother-in-law, who was a lawyer in Arizona, that he had filed an answer to the cross-claim.

On the day set for the hearing on damages, Righter filed an answer to the cross-claims and a motion to set the default aside. The motion was denied, and, after a hearing, the trial court entered judgment against the Jirouxs in the amount of $101,063.72. Righter's check to the court for the filing of the answer was returned for insufficient funds.

Righter's clients paid him $18,900 to represent them. The lawyer who replaced Righter has billed the Jirouxs a total of $7,000 attempting to get the default judgment vacated. According to one of the complainant's exhibits, which is an affidavit by the Jirouxs' new lawyer, the lawyer's efforts to have the judgment set aside were ultimately unsuccessful. It appears, however, that the case has settled.

The hearing board found that Righter failed to communicate adequately with his clients after June 1997. He also failed to tell them that he had not filed an answer to the cross-claims, that a default had been entered against them, and that a default judgment was subsequently entered against them. Righter thereby violated Colo. RPC 1.3 (neglecting a legal matter entrusted to a lawyer); 1.4(a) (failing to communicate appropriately with a client); 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(d) (engaging in conduct prejudicial to the interests of justice).

## II.

The hearing panel approved the board's findings and recommendation that Righter be suspended for two years and be required to pay restitution prior to reinstatement. Only five members of the panel were present and voting, however, and one of these five favored a three-year suspension. The hearing board did not find that Righter abandoned his clients. Nevertheless, under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating factors, disbarment is appropriate when:

> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. On the other hand, suspension is the presumed sanction when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

■ While the record suggests that Righter's clients would have had to pay something to the Petersons as damages in any event, the amount would be significantly less than the $101,000 default judgment. In addition, the Jirouxs paid Righter $18,900 to represent them; the record suggests that this money was completely wasted. In fact, the Jirouxs have paid their second lawyer $7,000 to repair the damage caused by Righter's representation. They have thus paid a total of $25,900 in attorney fees. In citing ABA *Standards* 4.42, but not 4.41, the hearing board apparently did not characterize this as a "serious injury." It appears serious to us.

Because it is a default proceeding, the record does not reveal much about the circumstances surrounding the misconduct. The board did find that certain aggravating

factors were present: Righter failed to acknowledge the wrongfulness of his conduct, *see id.* at 9.22(g), and he has been indifferent to making restitution, *see id.* at 9.22(j). We would add that Righter's total nonparticipation in these proceedings demonstrates a bad faith obstruction of the disciplinary process. *See id.* at 9.22(e). Because Righter did not participate, the only mitigating factor that the board was aware of was that Righter has not been disciplined before in the fourteen years he has been licensed to practice law.

This case is similar to our recent case of *In re Demaray,* No. 99SA74, —— P.2d ——, 1999 WL 711852 (Colo. Sept. 13, 1999). We suspended Demaray for three years for neglecting a criminal case and failing to communicate with his client, with the result that bench warrants were issued for Demaray's and his client's arrests. *See Demaray,* No. 99SA74, slip op. at 2–3, —— P.2d at ——–——, 1999 WL 711852. As in this case, the board made no finding that Demaray abandoned his client. *See id.* at 4–5, —— P.2d at ——–——, 1999 WL 711852. Also like this case, Demaray defaulted before the hearing board and this court. Like Righter, Demaray had no previous discipline. Unlike Righter, who has practiced for fourteen years, Demaray was inexperienced in the practice of law, a factor in mitigation. The presence of these factors convinced us to accept the board's recommendation of a period of three-year suspension, rather than disbar Demaray. *See id.* at 5–6, —— P.2d at ——–——, 1999 WL 711852; *cf. In re Scott,* 979 P.2d 572, 574 (Colo.1999) (disbarring attorney who allowed catastrophic default judgment to be entered against client; attorney's prior discipline was an aggravating factor). However, taking the seriousness of the misconduct together with Righter's default in these proceedings, we conclude that a two-year suspension would be too lenient. Accordingly, while we accept the findings and conclusions of the hearing board and panel, we reject their recommendation of a two-year suspension in favor of a suspension for three years.

### III.

It is hereby ordered that Frederic Ames Righter be suspended from the practice of law for three years, effective thirty days after the issuance of this opinion. Prior to reinstatement, and as a condition thereof, Righter shall make restitution to Gordon and Clint Jiroux in the amount of $25,900 plus statutory interest from January 5, 1999 (the date of the hearing board's report) until paid. It is further ordered that Righter shall pay the costs of this proceeding in the amount of $431.08 within thirty days after the announcement of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. Righter shall not be reinstated until he has complied with C.R.C.P. 251.29.