The PEOPLE of the State of Colorado, Complainant,

v.

Robert Thomas EDWARDS, Respondent.

No. 07PDJ027.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Dec. 30, 2008.

---

Attorney Regulation. Following a Sanctions Hearing, the Presiding Disciplinary Judge suspended Robert Thomas Edwards (Attorney Registration No. 36214) from the practice of law for a period of thirty days, effective January 30, 2009. Respondent overdrew his COLTAF account, but shortly

thereafter deposited sufficient funds to cure the deficiency. He then knowingly and repeatedly failed to respond to several requests for information from the People. Respondent eventually provided bank records to the People, which revealed no further misconduct on his part. At the Sanctions Hearing, Respondent testified that he faced a number of challenges in his personal life at the time he knowingly failed to cooperate with the People. Nevertheless, the facts admitted by default proved violations of Colo. RPC 1.15(g), 3.4(c), and 8.1(b).

On November 13, 2008, the Presiding Disciplinary Judge ("the Court") held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). Kim E. Ikeler appeared on behalf of the Office of Attorney Regulation Counsel ("the People") and Robert Thomas Edwards ("Respondent") appeared *pro se*. The Court now issues the following "Report, Decision, and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

### REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

#### I. *ISSUE*

Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and suspension is generally appropriate when a lawyer knowingly violates a duty owed as a professional, and causes injury or potential injury. Respondent overdrew his COLTAF account, but shortly thereafter deposited sufficient funds to cure the deficiency. Respondent then knowingly and repeatedly failed to respond to several requests for information from the People. What is the appropriate sanction under these circumstances?

**SANCTION IMPOSED: ATTORNEY SUSPENDED FROM THE PRACTICE OF LAW FOR THIRTY (30) DAYS.**

#### II. *PROCEDURAL HISTORY*

The People filed a Complaint in this matter on January 31, 2007.[1] Respondent failed to file an Answer. The Court granted "Complainant's Motion for Default" on May

---

1. The Colorado Supreme Court immediately suspended Respondent on April 3, 2007.

14, 2007. Upon the entry of default, the Court deems all facts set forth in the Complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards,* 748 P.2d 341, 346 (Colo. 1987).

The Court originally scheduled this matter for a Sanctions Hearing to be held on November 19, 2007. On that date, Respondent filed an "Unopposed Motion to Continue Hearing" and the Court continued the Sanctions Hearing until January 3, 2008.

On January 3, 2008, the Court held a Sanctions Hearing. Mr. Ikeler appeared on behalf of the People and Respondent appeared *pro se.* The Court heard testimony from Respondent and considered statements from the parties. The Court then, in the interests of justice, afforded the parties an opportunity to resolve the matter through a diversion agreement pursuant to C.R.C.P. 251.13. The parties subsequently tendered a "Diversion Agreement" on February 28, 2008, and the Court approved it on March 12, 2008.

On June 5, 2008, the People filed "Complainant's Motion to Terminate Diversion Agreement" and alleged that Respondent materially breached the diversion agreement by failing to comply with its conditions including practice monitoring, psychiatric monitoring, financial monitoring, trust account school, and ethics school. Respondent failed to respond to the motion. Accordingly, on July 3, 2008, the Court granted the motion, terminated the diversion agreement, and scheduled the matter for a second Sanctions Hearing to be held on November 13, 2008.

### III. *FINDINGS OF FACT*

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted Complaint.[2] Respondent took and subscribed the Oath of Admission and gained admission to the Bar of the Colorado Supreme Court on May 18, 2005. He is registered upon the official records, Attorney Registration No. 36214, and is therefore subject to the jurisdiction of the Court.

On June 26, 2006, Respondent overdrew his COLTAF account at First Bank of Cherry Creek. He transferred $840.00 from his COLTAF account to a First Bank checking account, leaving a deficiency of $69.00. On June 28, 2006, Respondent deposited $100.00 into the COLTAF account, returning the balance to $31.00.

Respondent thereafter failed to respond to several request for information from the People. The admitted Complaint outlines these failures in greater detail. Respondent engaged in a pattern of conduct where he would initially fail to respond to a request from the People, briefly respond and promise forthwith action on his part, then subsequently fail to respond again. On April 3, 2007, the Colorado Supreme Court immediately suspended Respondent from the practice of law for his failure to cooperate with the People.

The admitted Complaint in this case presented clear and convincing evidence that Respondent failed to keep records of deposits into or withdrawals from his COLTAF account and failed to keep account reconciliation records. Accordingly, the Court concluded that Respondent violated Colo. RPC 1.15(g) (failure to maintain adequate trust account records). The Court also concluded that Respondent knowingly violated Colo. RPC 3.4(c) (disobeying an obligation under the rules of a tribunal) and Colo. RPC 8.1(b) (failure to respond to a lawful demand for information) when he failed to respond to repeated requests for information from the People.

### IV. *SANCTIONS*

The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards* ") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo. 2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury

---

**2.** *See* the Complaint in 07PDJ027.

caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

■■■ The Court finds that Respondent violated a duty owed to his clients by failing to keep adequate trust account records and violated his duty owed as a professional by failing to cooperate with the People. The entry of default established that Respondent, at a minimum, *negligently* failed to keep adequate trust account records and *knowingly* failed to cooperate with the People. This conduct caused injury to the legal profession and caused potential injury to his clients.

■■ The People alleged that Respondent *intentionally* failed to comply with rules or orders of the disciplinary agency. *See* ABA *Standard* 9.22(e). The Court finds clear and convincing evidence that Respondent *knowingly* failed to cooperate, but *cannot* find Respondent *intentionally* failed to cooperate with the People based on the facts presented in this case. The Court notes that Respondent eventually provided bank records to the People following the first Sanctions Hearing, which revealed no further misconduct on the part of Respondent. The Court also notes that Respondent faced a number of challenges in his personal life at the time he knowingly failed to cooperate with the People.

The People acknowledged that Respondent has no prior disciplinary record. *See* ABA *Standard* 9.32(a). The Court also finds that Respondent is inexperienced in the practice of law, acted without a dishonest or selfish motive, and demonstrated remorse for his conduct at the first Sanctions Hearing. *See* ABA *Standards* 9.32(b), (f) and (m).

The ABA *Standards* suggest that the presumptive sanction for the misconduct evidenced by the admitted facts and rule violations in this case is suspension. Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client. ABA *Standard* 4.13. However, suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury or potential injury to a client, the public, or the legal system.

ABA *Standard* 7.2. Suspension is also appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding. ABA *Standard* 6.22.

The Colorado Supreme Court applied the ABA *Standards* in a case where a respondent abandoned a client and then failed to cooperate in the disciplinary investigation. *In re Demaray,* 8 P.3d 427 (Colo.1999) (Attorney's apparent abandonment of a client in a criminal case and failure to cooperate in disciplinary investigation warranted three-years' suspension of his license to practice law, rather than disbarment, where attorney had not been previously disciplined, was inexperienced in the practice of law, and had not misappropriated any client funds). While the Court acknowledges that the *Demaray* case involved more serious misconduct on the part of the respondent than found in this case, it nevertheless illustrates the view of the Colorado Supreme Court with regard to the seriousness of misconduct combined with a knowing failure to cooperate with the People.

## V. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. Respondent, at a minimum, negligently failed to maintain adequate COLTAF records and knowingly failed to cooperate with the People. This misconduct adversely reflects on his fitness to practice law. The ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support a sanction of suspension. Upon consideration of the nature of Respondent's misconduct, his mental state, the actual and potential harm caused, and the mitigating factors, the Court concludes a short suspension is appropriate in this case.

## VI. ORDER

The Court therefore **ORDERS** the following:

1. ROBERT THOMAS EDWARDS, Attorney Registration No. 36214, is hereby

**SUSPENDED** from the practice of law for a period of **THIRTY (30) DAYS,** effective thirty-one (31) days from the date of this order.

2. Respondent **SHALL** pay the costs of these proceedings. The People shall submit a "Statement of Costs" within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.