**The PEOPLE of the State of Colorado, Complainant,**

v.

**Joel E. URBANIAK, Respondent.**

**No. 04PDJ043.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Dec. 13, 2004.

Attorney Regulation. Upon conclusion of a sanctions hearing, the Presiding Disciplinary Judge suspended Respondent Joel E. Urbaniak (Registration # 17513) from the practice of law for a period of three (3) years, effective January 13, 2005. In this proceeding, it was established through the entry of default that Respondent abandoned one civil client (plaintiff) and neglected two criminal clients (defendants). In the civil matter, Respondent ceased communication with the client and discontinued all action on the case. In the criminal matters, Respondent failed to appear at hearings. In addition, Respondent did not respond to requests for information by Regulation Counsel. Thus, Respondent violated Colo. R.P.C. 1.3 (neglect of an entrusted legal matter), 1.4(a) (failure to keep client reasonably informed), 3.4(c) (violation of an obligation under the rules of a tribunal), 8.1(b) (failure to respond to lawful demand for information from disciplinary authority), 8.4(d) (conduct prejudicial to the administration of justice), and 1.16(d) (failure to protect client's interest and surrender papers upon termination), as well as C.R.C.P. 251.5(d) (failure to respond to request by Regulation Counsel). Respondent did not appear at the sanctions hearing or present evidence in mitigation. However, the facts supported a finding that Respondent lacked a dishonest or selfish motive. Aggravating factors included multiple offenses, vulnerable victims, and substantial experience in the law. As this was a first offense and there was no other serious misconduct, the Hearing Board determined that a lengthy period of suspension, rather than disbarment, was the appropriate sanction. Respondent was also ordered to pay the costs incurred in this proceeding.

On October 6, 2004, a Hearing Board consisting of VICTORIA J. KOURY, a member of the bar, B. LaRAE ORULLIAN, a citizen member, and WILLIAM R. LUCERO, Presiding Disciplinary Judge ("PDJ"), conducted a sanctions hearing

under C.R.C.P. 251.15(b). Kim E. Ikeler appeared on behalf of the People of the State of Colorado ("the People"). Attorney respondent Joel E. Urbaniak ("Respondent") did not appear, either *pro se* or represented by counsel. The Hearing Board issues the following opinion:

## REPORT, DECISION AND IMPOSITION OF SANCTION UNDER C.R.C.P. 251.15(b)

*SANCTION IMPOSED:* **ATTORNEY SUSPENDED THREE YEARS.**

The People initiated this disciplinary action against Respondent for misconduct with respect to three clients. Respondent defaulted in these proceedings, thus admitting that he abandoned one civil client and neglected two criminal clients. Respondent did not engage in other serious misconduct, such as misappropriation of funds. He has practiced law for over 15 years without prior discipline. Under the *ABA Standards for Imposing Lawyer Sanctions* and Colorado Supreme Court cases, appropriate sanctions for client neglect/abandonment range from suspension to disbarment. What is the appropriate sanction here?

Upon consideration of the evidence, the Hearing Board finds that the facts and circumstances of this case support a three-year suspension, and not disbarment.

## I. PROCEDURAL HISTORY AND BACKGROUND

On April 28, 2004, the People filed a Complaint in this matter concerning Respondent's disregard of three client matters, one for a civil plaintiff and two for criminal defendants. The People sent the Citation and Complaint to Respondent via regular and certified mail. On May 3, 2004, the People filed a Proof of Service showing that, on April 28, 2004, Respondent signed the return receipt for the Citation and Complaint.

Respondent did not answer the Complaint. On May 26, 2004, the People filed a motion for default under C.R.C.P. 251.15(b) and C.R.C.P. 121, Section 1–14. On July 7, 2004, the PDJ granted this motion. By the entry of default, all *factual allegations* and *rule violations* set forth in the Complaint are deemed admitted and are therefore established by clear and convincing evidence. *People v. Richards,* 748 P.2d 341, 347 (Colo. 1987); *see also* Complaint, attached to this Opinion as Exhibit A. The factual background in this case is detailed in the Complaint and incorporated by reference in this Opinion. In summary, Respondent neglected/abandoned three clients and failed to cooperate in these proceedings. On the date of the sanctions hearing, Respondent failed to appear before the Hearing Board and offer evidence in mitigation. The People argue that Respondent must be disbarred.

## II. FINDINGS AND VIOLATIONS

The Hearing Board considered the facts and violations established by the entry of default, the People's argument, the statement of Mr. Harmes (principal complaining witness), and People's Exhibit 1 (Order re: Motion to Dismiss issued by the trial court in the Harmes case).

Based on the foregoing, the Hearing Board makes the following findings and conclusions:

(1) Respondent has taken and subscribed the oath of admission, was admitted to the bar of this Court on May 26, 1988, and is registered upon the official records of this Court, registration no. 17513. He is therefore subject to the jurisdiction of this Court in these disciplinary proceedings.

(2) Mr. Harmes was a civil client, whom Respondent abandoned after professionally litigating his case for over two years.

A. Mr. Harmes was severely injured in an automobile accident and soon thereafter, in February 1999, retained Respondent to represent him in an action against the other driver. Respondent took Mr. Harmes' case on contingency. He conducted some discovery, including taking the deposition of the driver of the other vehicle, a Sinton's Diary truck driver. In addition, he helped Mr. Harmes process his medical claims through the no-

fault provisions of his automobile insurance. In June 2003, he also represented Mr. Harmes in an attempt to mediate the case with the Judicial Arbiter Group. Mr. Harmes indicated that during the mediation proceedings, he felt "insulted" and believed that the opposing party had not entered the process in "good faith." As a result, he declined their settlement offer. The amount of this offer is unknown. Following the mediation, Respondent told Mr. Harmes that he would set the matter for trial and notify him of the trial date. However, Respondent had no further contact with Mr. Harmes (until Mr. Harmes retrieved his case file from Respondent after he was forced to retain another lawyer).

B. In the summer of 2003, Respondent stopped communicating with Mr. Harmes and stopped prosecuting his case. Respondent failed to inform Mr. Harmes that the defense had served discovery requests and had attempted to schedule an independent medical examination. Because the case was not moving forward, the defense moved to dismiss it.

C. On October 7, 2003, the district court ordered either Respondent or Mr. Harmes to show cause why the Harmes case should not be dismissed for failure to prosecute. People's Exhibit 1. This order could not be properly served on either Respondent or Mr. Harmes because both had moved, and Respondent failed to notify the court and the defense of the new addresses.

D. Mr. Harmes learned of the district court's order to show cause when he picked up mail at his old address. He responded to the court's order by letter, stating that Respondent had ceased communicating with him and that he had not been aware that his case was not being prosecuted. The court did not dismiss the case and gave Mr. Harmes time to retain new counsel, which he did.

E. Mr. Harmes told the Hearing Board that, upon the advice of his new counsel, he eventually settled the case. However, he was not satisfied with the settlement amount of $42,000.00. It is not clear whether the amount he actually received was higher or lower than what he had been offered at the June 2003 mediation.

F. Mr. Harmes stated that Respondent advanced the expenses for the pretrial work in his case, but never sought reimbursement. In addition, Mr. Harmes acknowledges that Respondent did work diligently on his case from February 1999 until June 2003.

G. Mr. Harmes told the Hearing Board that he was both mystified and devastated when Respondent stopped communicating with him after the mediation hearing. Mr. Harmes described the tremendous stress he experienced upon learning that the trial court might dismiss his case for failure to prosecute. He was forced to work quickly on his own to prevent the dismissal, hire new counsel, and obtain his case file from Respondent. It took him several months to retrieve his file from Respondent.

H. Mr. Harmes filed a request for investigation with the Office of Attorney Regulation Counsel ("OARC") on October 27, 2003. Thereafter, the OARC wrote to Respondent, asking for information about the Harmes matter, on three separate occasions. Two of the letters were not returned. The Respondent accepted the third, certified letter. However, he made no response. The OARC also served him with a subpoena for his investigative deposition. Respondent did not call OARC to acknowledge service or otherwise participate in the investigation. In addition, counsel for the People unsuccessfully attempted contact with Respondent, once by mail and three times by telephone message.

I. As set forth in the Complaint, Claims I—III and V, in the Harmes matter,

the Hearing Board finds that Respondent violated Colo. RPC 1.3 (neglect of an entrusted legal matter), 1.4(a) (failure to keep client reasonably informed), 1.16(d) (failure to protect client's interest and surrender papers upon termination), and 8.4(d) (conduct prejudicial to the administration of justice).

J. As to Claim IV of the Complaint, the Hearing Board also finds that Respondent violated C.R.C.P. 251.5(d) (failure to respond to request by Regulation Counsel for information) and Colo. RPC 3.4(c) (disobeying an obligation under the rules of a tribunal) and 8.1(b) (knowingly failing to respond to lawful demand for information from disciplinary authority).

(3) Mr. Hernandez and Mr. Elder were criminal defendants whom Respondent was apparently court-appointed to represent. Respondent failed to appear at court proceeding on behalf of these clients. It was not alleged, nor was there any evidence presented, that Respondent caused harm to them as a result.

A. In the Hernandez matter, Respondent entered an appearance on behalf of Mr. Hernandez on December 15, 2003, and participated in a district court hearing three days later. The court then continued the case until December 29, 2003. Both Respondent and Mr. Hernandez failed to appear in court on that date. Respondent did not file a motion to withdraw. The district court issued a bench warrant for Mr. Hernandez, though there is no evidence that he was arrested on this warrant. On January 8, 2004, Hernandez appeared at a court hearing without Respondent. At that time, he informed the district court that he would hire other counsel.

The OARC wrote to Respondent, asking for information about the Hernandez matter. Respondent accepted the certified letter, but made no response. The OARC also served him with a subpoena for his investigative deposition. Respondent did not call OARC to acknowledge service or otherwise participate in the investigation. In addition, counsel for the People unsuccessfully attempted contact with Respondent, once by mail and three times by telephone message. As set forth in the Complaint, Claims VI and VIII, in the Hernandez matter, the Hearing Board finds that Respondent violated Colo. RPC 1.3 (neglect of an entrusted legal matter) and 8.4(d) (conduct prejudicial to the administration of justice).

As to Claim VII of the Complaint, the Hearing Board also finds that Respondent violated C.R.C.P. 251.5(d) (failure to respond to request by Regulation Counsel for information), as well as Colo. RPC 3.4(c) (disobeying an obligation under the rules of a tribunal) and 8.1(b) (knowingly failing to respond to lawful demand for information from disciplinary authority).

B. In the Elder matter, Respondent appeared with Mr. Elder in district court on January 5, 2004. The court continued the matter until January 12, 2004. Respondent and the defendant both failed to appear. However, Mr. Elder called the court on that date to explain that he could not appear because of a medical problem.

The OARC wrote to Respondent, asking for information about the Elder matter. The certified letter was returned unclaimed. Respondent accepted the certified letter, but made no response. The OARC also served him with a subpoena for his investigative deposition. Respondent did not call OARC to acknowledge service or otherwise participate in the investigation. In addition, counsel for the People unsuccessfully attempted contact with Respondent, once by mail and four times by telephone message. As set forth in the Complaint, Claim IX, in the Elder matter, the Hearing Board finds that Respondent violated Colo. RPC 1.3 (neglect of an entrusted legal matter).

As to Claim X of the Complaint, the Hearing Board also finds that Respon-

dent violated C.R.C.P. 251.5(d) (failure to respond to request by Regulation Counsel for information), as well as Colo. RPC 3.4(c) (disobeying an obligation under the rules of a tribunal) and 8.1(b) (knowingly failing to respond to lawful demand for information from disciplinary authority).

### III. SANCTIONS

■ The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law are the authorities for selecting and imposing sanctions for lawyer misconduct. Both support a range of sanctions, from suspension to disbarment, in cases involving neglect or abandonment. The distinction between neglecting clients and abandoning them is not clear.[1] The appropriate sanction depends upon the facts and circumstances of each case.

### Analysis Under the ABA *Standards*

ABA *Standard* 4.4 describes the appropriate sanctions for "lack of diligence" (absent aggravating or mitigating circumstances). ABA *Standard* 4.41 provides that disbarment is *generally* appropriate when a lawyer 1) abandons the practice, 2) knowingly fails to perform services, or 3) engages in a pattern of neglect, and the misconduct results in serious or potentially serious injury to a client. ABA *Standard* 4.42 provides that suspension is *generally* appropriate when a lawyer 1) knowingly fails to perform services for a client or 2) engages in a pattern of neglect of client matters, and the misconduct results in injury or potential injury to a client.

When imposing sanctions for violations as found above, ABA *Standard* 3.0 directs the Hearing Board to consider the following four factors:

 (a) the duty violated;

 (b) the lawyer's mental state; and

 (c) the actual or potential injury caused by the lawyer's misconduct; and

 (d) the existence of aggravating or mitigating factors.

### (1) Duty

By neglecting legal matters entrusted to him, Respondent violated one of the most fundamental duties an attorney owes to a client, the duty to professionally perform legal services on behalf of the client. In the Harmes matter, Respondent failed to prosecute his client's case, which would have resulted in its dismissal but for the client's intervention. He also failed to keep his client reasonably informed, give notice to terminate representation, assist his client in finding new counsel, and promptly return the case file. Respondent thus abandoned Mr. Harmes and his case. In the Hernandez and Elder matters, Respondent failed to appear in court and failed to give notice to terminate representation, thus neglecting those clients. Finally, he failed to cooperate or participate in the investigation of these matters by the OARC. In addition to the duties owed his clients, Respondent's actions implicate his duties to the profession and the legal system, in the administration of justice.

### (2) Mental State

Respondent knowingly agreed to represent three clients and neglected their cases. While Respondent presented no evidence of his mental state, as he did not appear in this action, it is clear that he should have been aware of the consequences of neglecting his duties to these clients. Of the three clients, Respondent's mental state is most apparent in the Harmes case. There, Mr. Harmes needed an attorney to advance his claims, yet Respondent ceased all action on the case without notice and without returning his file or helping him to find other counsel.

---

1. The Presiding Disciplinary Judge's opinions provide a test that differentiates abandonment from neglect in attorney discipline cases. *E.g. People v. Segal*, 62 P.3d 173, 176 (Colo.O.P.D.J. 2002) (proof of abandonment requires, in addition to failure to accomplish specific tasks for clients and failure to communicate, evidence that attorney has deserted, rejected, or relinquished professional responsibilities). While the PDJ's opinions offer guidance in these matters, they do not have precedential value. *In the Matter of Roose*, 69 P.3d 43, 48–49 (Colo.2003).

### (3) Injury

By neglecting and abandoning Mr. Harmes' case, Respondent certainly caused *potential* emotional harm and financial injury. Regarding *actual* injury, Mr. Harmes experienced severe stress upon learning of Respondent's lack of action and the resultant possibility of dismissal. However, on the meager record before the Hearing Board, there is no evidence of financial harm caused by Respondent. Ultimately, Mr. Harmes settled his case for $42,000, but it is unclear whether he accepted less or more than was offered at the mediation hearing, and whether any difference was the result of Respondent's inaction.

In representing Mr, Hernandez and Mr. Elder, Respondent did not appear for scheduled hearings (one preliminary hearing and one unspecified hearing). In both cases, other than delay, there is no evidence of actual or potential harm to these clients.

### (4) Aggravating and Mitigating Factors

The Hearing Board finds the following **aggravating factors** under ABA *Standard* 9.22:

1. **Multiple offenses/Pattern of misconduct:** This matter involves three clients and multiple violations of the Rules of Professional Conduct. From summer 2003 to October 2003, Respondent failed to take action in Mr. Harmes' case. From late 2003 to early 2004, he failed to appear in the Hernandez and Elder matters.

 These facts constitute multiple offenses and a pattern of misconduct. Nevertheless, the Hearing Board determines that Respondent is less culpable than the lawyers in other reported abandonment and neglect cases. Disbarment is appropriate where there is abandonment in addition to other factors, including prior discipline, numerous client incidents, and other serious acts of misconduct. *E.g. People v. Kuntz*, 942 P.2d 1206 (Colo. 1997) (disbarment warranted where attorney accepted legal fees in eight separate client matters, performed minimal services, and then abandoned the clients

while misappropriating the unearned fees).

2. **Vulnerability of victims:** Clients are always vulnerable when a lawyer neglects the legal matters he or she was retained to handle. In this case, Mr. Harmes was especially vulnerable. He told the Hearing Board that he suffered a serious back injury from an automobile accident, which left him in severe pain, struggling to make a living, and burdened with heavy debt. These circumstances led him to hire Respondent. Mr. Harmes relied on Respondent's diligence and professionalism. At a minimum, Respondent owed Mr. Harmes and his other clients notice that he would no longer represent them. Such notice would have given Mr. Harmes the opportunity to find new counsel before the potential dismissal of his case.

3. **Substantial experience in the practice of law:** Respondent was admitted to the bar in 1988. Thus, he has ample experience in the practice of law.

The Hearing Board does not find a **bad faith obstruction,** in spite of the fact that Respondent did not participate in OARC's investigation or these proceedings. According to the Colorado Rules of Civil Procedure, the People are entitled to a default under these circumstances. C.R.C.P. 251.15(b). Default was granted, which included a finding that Respondent violated Colo. RPC 8.1(b) (knowingly failing to respond to lawful demand for information from disciplinary authority). However, the record is insufficient to support a finding that Respondent's failure to participate was motivated by an effort to intentionally obstruct these proceedings.

The Hearing Board finds the following *mitigating factors* under ABA *Standard* 9.32:

1. **No prior discipline.** At the sanctions hearing, the People informed the Hearing Board that Respondent has no prior disciplinary record.

2. **No dishonest or selfish motive.** There is no evidence that Respondent accepted a retainer or other funds from clients and failed to return them.

To the contrary, Respondent took one or more depositions and engaged in other pre-trial activities on behalf of Mr. Harmes and never sought to recoup expenses.

### Analysis Under Colorado Supreme Court Cases

Colorado Supreme Court cases applying the ABA *Standards* have three general categories regarding the appropriate sanction for client neglect and abandonment:

(1) **One-year-and-one-day suspension for neglect.** *E.g. People v. Rishel*, 956 P.2d 542 (Colo.1998) (attorney suspended for one year and one day with special conditions for reinstatement for seriously neglecting two client matters); *People v. Regan*, 831 P.2d 893 (Colo.1992) (attorney with no prior history of discipline, no dishonest or selfish motive, and significant personal and emotional issues suspended for one year and one day based on stipulated pattern of neglect and misrepresentation).

(2) **Three-year suspension for abandonment.** *E.g. People v. Odom*, 914 P.2d 342 (Colo.1996) (attorney with prior history of similar discipline who defaulted in disciplinary proceedings suspended for three years for failing to keep civil client informed about important developments and, in another matter, for abandoning criminal client, creating a conflict of interest, and failing to perform requested services or return retainer); *People v. Shock*, 970 P.2d 966 (Colo.1999) (attorney with no prior discipline suspended for three years following default for effectively abandoning two clients when aggravating factors included the presence of dishonesty or selfish motive, multiple offenses, a pattern of misconduct, and indifference to making restitution); *In the Matter of Demaray*, 8 P.3d 427 (Colo.1999) (inexperienced attorney with no prior discipline suspended for three years for abandoning criminal client and causing potential serious harm, then failing to cooperate with investigation where no evidence of misappropriation of funds).

(3) **Disbarment for abandonment plus other serious misconduct.** *E.g. People v. Townshend*, 933 P.2d 1327 (Colo.1997) (lawyer who had previously received letter of admonition and private censure disbarred for accepting advance fees from two clients then abandoning them without returning or accounting for unearned fees); *People v. Valley*, 960 P.2d 141 (Colo.1998) (attorney who defaulted in disciplinary proceeding disbarred for abandoning law practice, disregarding court orders, and making misrepresentations to clients, where aggravating factors included previous discipline, dishonest or selfish motive, indifference to restitution, vulnerable victims, substantial legal experience, multiple offenses, a pattern of misconduct, and bad faith obstruction of disciplinary proceedings); *People v. Steinman*, 930 P.2d 596 (Colo.1997) (lawyer disbarred after accepting fees then abandoning clients and causing serious harm while failing to return the fees); *People v. Tucker*, 904 P.2d 1321 (Colo.1995) (lawyer disbarred after abandoning clients while continuing to collect fees for work never performed).

As outlined above, the Supreme Court has approved sanctions ranging from suspension to disbarment in cases involving lawyers who have abandoned clients. In *Demaray*, for example, the Court found that a three-year suspension was appropriate for a lawyer who had abandoned his criminal client by failing to inform the client of his trial date and failing to appear for the trial. 8 P.3d at 427–28. The Hearing Board who heard that case, like the one here, found it difficult to make specific findings based upon the "the abbreviated record in these default proceedings."

The cases cited by the People in support of their argument for Respondent's disbarment fall into the third category of neglect and abandonment cases outlined above. In these cases, there is other serious misconduct, including misappropriation of funds, in addition to client neglect or abandonment. These

cases also involve aggravating factors such as prior discipline and dishonest motive. Such factors are not present here.

Moreover, disbarment is not always the appropriate sanction when an attorney neglects or abandons clients and then fails to participate and defaults in the disciplinary proceedings. As the Court stated in *Rishel:*

> The respondent's apparent abandonment of his clients makes it problematical whether a period of suspension, rather than disbarment, is adequate. As we said in *People v. Odom,* 914 P.2d [at 345], "[p]rior case law would sustain either a long period of suspension or disbarment in this case. However, '[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to [ . . . ] impose a period of suspension rather than disbarment.'"

956 P.2d at 544 (internal quotation not cited is *People v. Crimaldi,* 854 P.2d 782, 786 (Colo.1993)).

■ Though the record in this case is sparse, there is no doubt that Respondent abandoned his civil client, Mr. Harmes. Nor is there any doubt that he caused him emotional distress and *potential* financial injury. Respondent also neglected his criminal clients, Mr. Hernandez and Mr. Elder, and caused delay in their cases, although there is no evidence of actual or potential injury to these clients.

Respondent's extensive legal experience is an aggravating factor. However, it can be considered a mitigating factor, as well, as he has no prior disciplinary record. There is no evidence that Respondent acted out of selfishness or dishonesty, or that he engaged in converting client funds or other egregious conduct. He did, however, abandon three clients and fail to participate in the disciplinary proceedings and must be appropriately sanctioned.

For these reasons, the Hearing Board concludes that Respondent should be suspended for a period of three years.

## IV. ORDER

It is therefore ORDERED:

1. Joel E. Urbaniak, attorney registration no. 17513, is **SUSPENDED** from the practice of law in the State of Colorado for a period of **three years,** effective 31 days from the date of this Order.

2. Respondent shall pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days thereafter to submit a response.

## EXHIBIT A

COURT USE ONLY

Case Number: 04PDJ043

Kim E. Ikeler, # 15590, Assistant Regulation Counsel, John S. Gleason, # 15011, Regulation Counsel, Attorneys for Complainant, 600 17th Street, Suite 200–South, Denver, Colorado 80202.

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### Jurisdiction

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on May 26, 1988, and is registered upon the official records of this court, registration no. 17513. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 1322 N. Academy Blvd., Suite 201, Colorado Springs, CO 80909.

### General Allegations

#### Harmes Matter

2. Respondent represented Arnold Harmes ("Harmes") in an action styled *Harmes v. Chambers, et al.,* El Paso County District Court, Case No. 01CV3771. Respondent agreed to do so on a contingent fee basis. Thus, an attorney client relationship was formed, thereby forming an obligation to perform the agreed-upon services. By agreeing to perform the requested services, the respondent inherently represented that he would provide the services in accordance with the Colorado Rules of Professional Conduct.

3. Harmes' personal injury case arose out of a traffic accident that occurred during a snowstorm on a mountain pass. Harmes was injured when a Sinton Dairies truck hit his car. The defendants included the driver of the truck and Sinton Dairies.

4. Respondent conducted some discovery, including deposing the driver of the truck. Respondent also engaged in settlement discussions with the defendants. The defendants offered to pay Harmes, but required that Harmes take responsibility for outstanding liens.

5. At the time the case began, Harmes was living in Victor, Colorado. He later moved to Pueblo. Respondent did not notify the opposing parties or the court of this change of address. Respondent also moved his offices, but did not inform the court of that. Nor did the respondent inform his client, Harmes, of the move.

6. Beginning in Summer 2003, respondent failed to prosecute the action and stopped communicating with his client, Harmes. Respondent did not inform Harmes that the defendants had served interrogatories and requests for production of documents. The defense also attempted to schedule an independent medical examination of Harmes; respondent did not cooperate with this.

7. The defendants moved to dismiss. On October 7, 2003, the district court entered an Order re: Motion to Dismiss which read:
 The Defendants have filed a motion to dismiss for failure to prosecute. The Defendants assert that Plaintiff's attorney has had no contact with Defendant's attorney since July 2003. They further maintain that Plaintiff's counsel has not responded to phone calls, has failed to file answers to interrogatories, has not cooperated in scheduling an IME of his client and has failed to set a trial date. The Defendant's motion was filed on September 11, 2003 with a certificate of mailing to the Plaintiff's attorney. To date, no response has been filed.
 Plaintiff or Plaintiff's counsel is hereby ordered to show cause why this case should not be dismissed for failure to prosecute. If the Plaintiff fails to file a response to this Order to Show Cause by October 21, 2003, this case will be dismissed. (bold in original)

8. The district court's Order re: Motion to Dismiss was mailed to respondent by the court. However, the court did not have respondent's new address.

9. The client, Harmes, learned of the district court's October 7, 2003, Order re: Motion to Dismiss when he picked up some mail at his old address in Victor. He filed a letter/pleading with the district court indicating that respondent had abandoned him. Based on this letter/pleading the district court denied the defendants' Motion to Dismiss and gave Harmes time to retain new counsel.

10. On October 27, 2003, Harmes filed his request for investigation with the Office of Attorney Regulation Counsel ("OARC"). On November 10, 2003, OARC forwarded the request for investigation to respondent at his registered business address, asking for his response within twenty days. The letter was not returned. Respondent failed to respond.

11. Harmes contacted the El Paso County Bar Association, who referred Harmes to Robert Millman, an experienced personal injury lawyer. Harmes located respondent and requested his file. Respondent turned the file over to Harmes, albeit in a somewhat disorganized state.

12. On December 16, 2003, OARC again wrote to respondent at his registered business address, requesting that he respond and reminding him that failure to respond could result in immediate suspension, pursuant to C.R.C.P. 251.8.6. OARC requested a response within ten days. The letter was not returned. Respondent did not respond.

13. In late December-early January, the parties reached a settlement. According to Mr. Millman, the settlement was approximately what Harmes would have received had he accepted an offer made by the defendants while respondent was still his counsel. The parties filed a stipulation for dismissal on January 6, 2004, and the case was dismissed with prejudice on January 13th.

14. On January 13, 2004, OARC again forwarded the request for investigation to

 

respondent at his registered business address, this time by certified mail. The letter directed respondent to file a response within twenty days. Respondent accepted the certified letter on January 15, 2004. However, he did not respond.

15. On January 25, 2004, respondent was served with a Notice of Deposition and Subpoena for his investigative deposition, scheduled for February 17, 2004. The subpoena accompanying the Notice of Deposition requested that respondent produce his entire file related to his representation of Mr. Harmes in the case of *Harmes v. Chambers.* Respondent was served at his registered home address. Respondent did not call OARC to acknowledge this service or otherwise participate in the investigation.

16. On February 11, 2004, undersigned counsel wrote to respondent at his registered home address, reminding him of his obligation to respond to the request for investigation. Undersigned counsel reminded respondent that failure to cooperate with an investigation is itself grounds for discipline. The letter was not returned. Respondent failed to respond.

17. On February 13 and 16, undersigned counsel left messages on respondent's voice mail, reminding him to respond to the request for investigation and to appear for his deposition. Respondent did not call back.

18. On February 17 at 8:45 a.m., the undersigned again phoned respondent and left him a voice-mail message to appear at his deposition in Colorado Springs, scheduled for 9:00 a.m. that day. Despite this message and despite the personal service of the Notice of Deposition on him, respondent failed to appear for his deposition.

### CLAIM I

[A Lawyer Shall Act With Reasonable Diligence and Promptness in Representing a Client and Shall Not Neglect a Legal Matter Entrusted to that Lawyer—Colo. RPC 1.3]

19. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

20. Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

21. The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter in each of the following respects. Respondent failed to respond to phone calls from opposing counsel, failed to respond to discovery requests, did not cooperate in scheduling an independent medical examination of his client and failed to set a trial date. The trial court was ready to dismiss the case, and was only prevented from doing so through Harmes' intervention. The respondent was required to complete each of these tasks. Each of these failures by the respondent constitutes a separate incident of lack of diligence and promptness, and/or neglect, as do all of them together.

22. The respondent knew or should have known that his lack of diligence and promptness, and/or neglect continued to occur over a period of months and involved a pattern and practice of lack of diligence and promptness, and/or neglect.

23. The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client.

24. The respondent's pattern and practice of failing to accomplish his professional tasks for the client, coupled with the failure to communicate with the client, constitutes abandonment of the professional responsibilities owed to the client. The totality of facts demonstrates that the respondent effectively deserted, rejected and/or relinquished the professional responsibilities owed to the client.

25. By such conduct, the respondent violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM II

[A Lawyer Shall Keep A Client Reasonably Informed About the Status of a Matter, and Promptly Comply With Reasonable Requests for Information—Colo. RPC 1.4(a) ]

26. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

27. Colo. RPC 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

28. This respondent failed to keep the client reasonably informed about the status of the legal matter and failed to comply promptly with reasonable requests for information in the following respects.

29. Respondent failed to inform Harmes that the defendants in *Harmes v. Chambers* had propounded discovery requests. Respondent also failed to inform Harmes that the defendants wished to subject Harmes to an independent medical examination. These defense discovery efforts were important to the case. Respondent also failed to inform Harmes that the defense had moved to dismiss the case due to respondent's failure to cooperate in discovery. Harmes learned of the defense motion, and the district court's order, only by chance and just in time to prevent dismissal. Respondent even failed to inform Harmes that respondent had moved his offices.

30. Each of these failures to communicate adequately with the client constitutes a separate violation of Colo. RPC 1.4(a) as do all of them together.

31. The respondent knew or should have known that he had failed to communicate adequately with his client over an extended period of months.

32. The respondent's pattern and practice of failing to communicate with the client caused injury or potential injury to the client.

33. The respondent's failure to communicate on these matters, coupled with the failure to accomplish professional tasks on behalf of the client, constitutes abandonment of the professional responsibilities owed to the client. The totality of facts demonstrates that the respondent effectively deserted, rejected and/or relinquished the professional responsibilities owed to the client.

34. By such conduct, the respondent violated Colo. RPC 1.4(a).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM III

### [Upon Termination, a Lawyer Shall Take Steps to Protect a Client's Interest and Surrender Papers and Property to the Client—Colo. RPC 1.16(d) ]

35. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

36. Colo. RPC 1.16(d) provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that had not been earned.

37. The respondent effectively terminated the attorney-client relationship by failing to communicate with the client despite the client's numerous attempts to communicate with the respondent, and by failing to take any other action on behalf of the client. Respondent neglected Harmes' case and failed to communicate with Harmes and opposing counsel over a period of months. This caused opposing counsel to move to dismiss Harmes' case, as discussed above. Harmes stopped the dismissal only by explaining to the district court that respondent had abandoned him.

38. The respondent failed to give the client notice that he had abandoned the representation, failed to advise the client to obtain other counsel, and otherwise failed to take steps to protect the client's interest. Harmes was required to obtain other counsel, Mr. Millman. When Harmes did so, respondent cooperated by turning over the file. Eventually, Harmes settled the case. Harmes appears to have achieved the same result as if respondent had continued as his counsel, so there was no monetary harm to the client. However, Harmes was delayed and inconvenienced by having to deal with the motion to dismiss and by having to obtain new counsel.

39. By such conduct, the respondent violated Colo. RPC 1.16(d).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM IV

[An Attorney Shall Respond to a Request By the Regulation Counsel for Information Necessary to Carry Out the Performance of Regulation Counsel's Duty—C.R.C.P. 251.5(d); A Lawyer Shall Not Knowingly Disobey an Obligation Under the Rules of a Tribunal—Colo. RPC 3.4(c); A Lawyer Shall Not Knowingly Fail to Respond Reasonably to a Lawful Demand for Information From a Disciplinary Authority—Colo. RPC 8.1(b) ]

40. Paragraphs 1 through 18 are incorporated herein.

41. C.R.C.P. 251.5(d) requires that an attorney respond to a request by the Attorney Regulation Counsel for information to carry out the performance of its duties.

42. The respondent failed to respond to repeated attempts by the Office of Attorney Regulation Counsel for information from the respondent. Respondent failed to respond to the investigation, despite OARC's having sent him letters, through both regular and certified mail, despite undersigned counsel having phoned him several times, and despite his having been noticed to a deposition and served with a subpoena to attend. Respondent also has failed to produce the documents he was subpoenaed to bring to his deposition.

43. The respondent knew or should have known that he was failing to cooperate and respond to the request by Attorney Regulation Counsel.

44. By such conduct, the respondent violated C.R.C.P. 251.5(d).

45. Colo. RPC 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal.

46. As an attorney licensed to practice law in the state of Colorado, the respondent knew or is presumed to know of the obligation to respond to a request by the Attorney Regulation Counsel as set forth in C.R.C.P. 251.5(d).

47. Nevertheless the respondent knowingly disobeyed such obligation, and made no open refusal to obey that was based on an assertion that no valid obligation existed.

48. By such conduct, the respondent violated Colo. RPC 3.4(c).

49. Colo. RPC 8.1(b) provides that a lawyer in connection with a disciplinary matter shall not knowingly fail to respond reasonably to a lawful demand for information from a disciplinary authority.

50. The respondent knowingly violated the rule by failing to respond to the lawful demands for information made by Attorney Regulation Counsel during the investigation of the subject matter of this disciplinary proceeding.

51. The information sought did not require disclosure of information otherwise protected by Colo. RPC 1.6.

52. The respondent made no good faith challenge to the demand by Attorney Regulation Counsel for such information.

53. By such conduct, the respondent violated Colo. RPC 8.1(b).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM V

[A Lawyer Shall Not Engage In Conduct That Is Prejudicial to the Administration of Justice—Colo. RPC 8.4(d) ]

54. Paragraphs 1 through 18 are incorporated herein as if fully set forth.

55. Colo. RPC 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

56. By failing to prosecute Harmes' case, the respondent acted in contravention of the court's authority. Respondent's failure to prosecute *Harmes v. Chambers* required the district court to enter a show cause order and then to rule upon the defendants' motion to dismiss. The district court was thereby

inconvenienced and its time was wasted. Respondent's conduct interfered with the ebb and flow of the procedures and the function of the court.

57. By such conduct, the respondent violated Colo. RPC 8.4(d).

WHEREFORE, the complainant prays at the conclusion hereof.

### Hernandez Matter

58. Respondent represented Miguel Pablo Hernandez ("Hernandez") in an action styled *People v. Hernandez,* El Paso County District Court, Case No. 02CR4175. An attorney-client relationship was formed, thereby forming an obligation to perform the agreed-upon services. By agreeing to perform the requested services, the respondent inherently represented that he would provide the services in accordance with the Colorado Rules of Professional Conduct.

59. Respondent entered his appearance on December 15, 2003, when he appeared in court with the defendant, Hernandez. At that time, the matter was set for a preliminary hearing on January 8, 2004.

60. Respondent again appeared at a hearing on December 18th; the matter was continued until December 29 at 9:00 a.m. On that date at that time, respondent failed to appear. The defendant also failed to appear. The district court issued a bench warrant for the defendant's arrest.

61. On January 8, 2004, the defendant, Hernandez, appeared before the district court without respondent and informed the district court that he would be hiring other counsel. Respondent failed to appear and failed to file a motion to withdraw.

62. On January 13, 2004, OARC sent a certified letter to respondent at his registered business address. The letter requested that respondent explain his failures to appear on December 29th and January 8th. The letter instructed respondent to respond within twenty days. Respondent accepted the certified letter. Respondent did not respond.

63. On January 25, 2004, respondent was served with a Notice of Deposition and Subpoena for his investigative deposition, scheduled for February 17, 2004. Respondent was served at his registered home address. Respondent did not call OARC to acknowledge this service or otherwise participate in the investigation.

64. On February 11, 2004, undersigned counsel wrote to respondent at his registered home address, reminding him of his obligation to respond to the request for investigation. Undersigned counsel reminded respondent that failure to cooperate with an investigation is itself grounds for discipline. The letter was not returned. Respondent failed to respond.

65. As noted above, undersigned counsel phoned respondent several times thereafter, reminding him to respond to the request for investigation and urging him to appear for his deposition. Respondent did not return the calls.

66. Based on respondent's failure to appear for his deposition in a separate investigation, discussed above, undersigned counsel assumed respondent would not appear for his deposition concerning the Hernandez matter and vacated that deposition on February 17, 2004.

### CLAIM VI

**[A Lawyer Shall Act With Reasonable Diligence and Promptness in Representing a Client and Shall Not Neglect a Legal Matter Entrusted to that Lawyer—Colo. RPC 1.3]**

67. Paragraphs 58 through 66 are incorporated herein as if fully set forth.

68. Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

69. The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter in each of the following respects. In the case of *People v. Hernandez,* respondent failed to appear for court dates and failed to file a motion to

withdraw. The respondent was required to complete each of these tasks. Each of these failures by the respondent constitutes a separate incident of lack of diligence and promptness, and/or neglect, as do all of them together.

70. The respondent knew or should have known that his lack of diligence and promptness, and/or neglect continued to occur over a period of weeks and involved a pattern and practice of lack of diligence and promptness, and/or neglect.

71. The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client. Respondent's failure to appear contributed to the district court's issuing a bench warrant for Hernandez' arrest.

72. By such conduct, the respondent violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM VII

[An Attorney Shall Respond to a Request By the Regulation Counsel for Information Necessary to Carry Out the Performance of Regulation Counsel's Duty—C.R.C.P. 251.5(d); A Lawyer Shall Not Knowingly Disobey an Obligation Under the Rules of a Tribunal—Colo. RPC 3.4(c); A Lawyer Shall Not Knowingly Fail to Respond Reasonably to a Lawful Demand for Information From a Disciplinary Authority—Colo. RPC 8.1(b) ]

73. Paragraphs 58 through 66 are incorporated herein.

74. C.R.C.P. 251.5(d) requires that an attorney respond to a request by the Attorney Regulation Counsel for information to carry out the performance of its duties.

75. The respondent failed to respond to repeated attempts by the Office of Attorney Regulation Counsel for information from the respondent. Respondent failed to respond to the investigation, despite OARC's having sent him letters, through both regular and certified mail, despite undersigned counsel having phoned him several times, and despite his having been noticed to a deposition and served with a subpoena to attend. Respondent also has failed to produce the documents he was subpoenaed to bring to his deposition.

76. The respondent knew or should have known that he was failing to cooperate and respond to the request by Attorney Regulation Counsel.

77. By such conduct, the respondent violated C.R.C.P. 251.5(d).

78. Colo. RPC 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal.

79. As an attorney licensed to practice law in the state of Colorado, the respondent knew or is presumed to know of the obligation to respond to a request by the Attorney Regulation Counsel as set forth in C.R.C.P. 251.5(d).

80. Nevertheless the respondent knowingly disobeyed such obligation, and made no open refusal to obey that was based on an assertion that no valid obligation existed.

81. By such conduct, the respondent violated Colo. RPC 3.4(c).

82. Colo. RPC 8.1(b) provides that a lawyer in connection with a disciplinary matter shall not knowingly fail to respond reasonably to a lawful demand for information from a disciplinary authority.

83. The respondent knowingly violated the rule by failing to respond to the lawful demands for information made by Attorney Regulation Counsel during the investigation of the subject matter of this disciplinary proceeding.

84. The information sought did not require disclosure of information otherwise protected by Colo. RPC 1.6.

85. The respondent made no good faith challenge to the demand by Attorney Regulation Counsel for such information.

86. By such conduct, the respondent violated Colo. RPC 8.1(b).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VIII

[A Lawyer Shall Not Engage In Conduct That Is Prejudicial to the Administration of Justice—Colo. RPC 8.4(d) ]

87. Paragraphs 58 through 66 are incorporated herein as if fully set forth.

88. Colo. RPC 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

89. Respondent's failure to appear for court dates or move to withdraw contributed to the district court's having to issue a bench warrant for Hernandez' arrest. The district court was thereby inconvenienced and its time was wasted. Respondent's conduct interfered with the ebb and flow of the procedures and the function of the court.

90. By such conduct, the respondent violated Colo. RPC 8.4(d).

WHEREFORE, the complainant prays at the conclusion hereof.

### Elder Matter

91. Respondent represented Daniel Albert Elder ("Elder") in an action styled *People v. Elder*, El Paso County District Court, Case No. 03CR5545. An attorney-client relationship was formed, thereby forming an obligation to perform the agreed-upon services. By agreeing to perform the requested services, the respondent inherently represented that he would provide the services in accordance with the Colorado Rules of Professional Conduct.

92. Respondent appeared in court with the defendant Elder on January 5, 2004. The matter was continued until January 12, 2004 at 9:00 a.m. Both the respondent and Elder failed to appear. At some time on January 12th, Elder apparently called the court to explain he could not be present because of a medical problem.

93. On January 15, 2004, OARC sent a certified letter to respondent at his registered business address. The letter requested that respondent explain his failure to appear on January 12th. The letter instructed respondent to respond within twenty days. The letter was returned unclaimed.

94. Undersigned counsel called respondent with regard to this matter, leaving messages on January 15, 19 and 20. Respondent did not call back.

95. On January 25, 2004, respondent was served with a Notice of Deposition and Subpoena for his investigative deposition, scheduled for February 17, 2004. Respondent was served at his registered home address. Respondent did not call OARC to acknowledge this service or otherwise participate in the investigation.

96. On February 11, 2004, undersigned counsel wrote to respondent at his registered home address, reminding him of his obligation to respond to the request for investigation. Undersigned counsel reminded respondent that failure to cooperate with an investigation is itself grounds for discipline. The letter was not returned. Respondent failed to respond.

97. Undersigned counsel called respondent to follow up on February 13, 2004. Undersigned counsel left a message, but respondent did not call back.

98. Based on respondent's failure to appear for his deposition in a separate investigation, discussed above, undersigned counsel assumed respondent would not appear for his deposition knowing the Elder matter and vacated that deposition on February 17, 2004.

## CLAIM IX

[A Lawyer Shall Act With Reasonable Diligence and Promptness in Representing a Client and Shall Not Neglect a Legal Matter Entrusted to that Lawyer—Colo. RPC 1.3]

99. Paragraphs 91 through 98 are incorporated herein as if fully set forth.

100. Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

101. The respondent failed to act with reasonable diligence and promptness and neglected the client's legal matter in each of the

following respects. In the case of *People v. Elder*, respondent missed a court date.

102. The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client.

103. By such conduct, the respondent violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM X

[An Attorney Shall Respond to a Request By the Regulation Counsel for Information Necessary to Carry Out the Performance of Regulation Counsel's Duty—C.R.C.P. 251.5(d); A Lawyer Shall Not Knowingly Disobey an Obligation Under the Rules of a Tribunal—Colo. RPC 3.4(c); A Lawyer Shall Not Knowingly Fail to Respond Reasonably to a Lawful Demand for Information From a Disciplinary Authority—Colo. RPC 8.1(b) ]

104. Paragraphs 91 through 98 are incorporated herein.

105. C.R.C.P. 251.5(d) requires that an attorney respond to a request by the Attorney Regulation Counsel for information to carry out the performance of its duties.

106. The respondent failed to respond to repeated attempts by the Office of Attorney Regulation Counsel for information from the respondent. Respondent failed to respond to the above-described request for investigation, despite OARC's having sent him letters, through both regular and certified mail, despite undersigned counsel having phoned him several times, and despite his having been noticed to a deposition and served with a subpoena to attend. Respondent also has failed to produce the documents he was subpoenaed to bring to his deposition.

107. The respondent knew or should have known that he was failing to cooperate and respond to the request by Attorney Regulation Counsel.

108. By such conduct, the respondent violated C.R.C.P. 251.5(d).

109. Colo. RPC 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal.

110. As an attorney licensed to practice law in the state of Colorado, the respondent knew or is presumed to know of the obligation to respond to a request by the Attorney Regulation Counsel as set forth in C.R.C.P. 251.5(d).

111. Nevertheless the respondent knowingly disobeyed such obligation, and made no open refusal to obey that was based on an assertion that no valid obligation existed.

112. By such conduct, the respondent violated Colo. RPC 3.4(c).

113. Colo. RPC 8.1(b) provides that a lawyer in connection with a disciplinary matter shall not knowingly fail to respond reasonably to a lawful demand for information from a disciplinary authority.

114. The respondent knowingly violated the rule by failing to respond to the lawful demands for information made by Attorney Regulation Counsel during the investigation of the subject matter of this disciplinary proceeding.

115. The information sought did not require disclosure of information otherwise protected by Colo. RPC 1.6.

116. The respondent made no good faith challenge to the demand by Attorney Regulation Counsel for such information.

117. By such conduct, the respondent violated Colo. RPC 8.1(b).

WHEREFORE, the people pray that the respondent be found to have engaged in misconduct under C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct as specified above; the respondent be appropriately disciplined for such misconduct; the respondent be required to refund fees to the client, and/or the client protection fund pursuant to C.R.C.P. 252.14(b), and/or provide restitution; the respondent be required to take any other remedial action appropriate under the

circumstances; and the respondent be assessed the costs of this proceeding.

